IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

WASHINGTON, D.C.

**FILED**

**OCT 12 2005**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WILLIAM J.R. EMBREY,

      Petitioner,

      vs.

GEORGE BUSH, PRESIDENT OF THE
UNITED STATES;

CONGRESS OF THE UNITED STATES;

ALBERTO GONZALES, ATTORNEY
GENERAL FOR THE UNITED STATES;

HARLEY G. LAPPIN, DIRECTOR,
UNITED STATES BUREAU OF PRISONS,

      Respondents.

_____/

CASE NUMBER  1:05CV02022

JUDGE: Royce C. Lamberth

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 10/13/2005

**PURSUANT TO ARTICLE I, §9, CLAUSE 2, ARTICLE III, §2
AND ARTICLE VI, CLAUSES 2 AND 3, CONSTITUTION OF THE
UNITED STATES; 28 U.S.C. §2241 (c)(3) AND 28 U.S.C.
§1361 AND §1651, PETITIONER SEEKS A WRIT OF HABEAS
CORPUS/WRIT OF MANDAMUS COMPELLING RESPONDENTS TO
PERFORM THEIR DUTY; AND REQUESTING A WRIT OF PROHIBITION
RESTRAINING THE RESPONDENTS FROM IMPRISONING UNITED
STATES CITIZENS IN VIOLATION OF THE CONSTITUION; AND
SEEKING AND ORDER DIRECTING RESPONDENTS BUSH, GONZALES
AND LAPPIN TO RELEASE PETITIONER FROM HIS UNCONSTITUTIONAL
CONFINEMENT**

COMES NOW Petitioner William J.R. Embrey, a <u>pro se</u> prisoner

who is a citizen of the United States and presents his **verified**

**and sworn to under oath** petition to this Court.

Petitioner seeks to protect and to enforce Constitutional

rights for himself and other Citizens, moves this Court for

a writ of habeas corpus/mandamus compelling all Respondents

to perform their Constitutional required duty to serve, support, defend and enforce the Constitution and its protections guaranteed to each Citizen of the United States.  Petitioner also seeks a writ of prohibition restraining-prohibiting Respondents Congress and the President of the United States from passing and signing into law, laws that do not support or that are not made in pursuance of the Constitution of the United States; and prohibiting Respondent Gonzales and his assistant United States attorneys from imprisoning United States Citizens in violation of the Constitution of the United States.

## I.  PARTIES

Petitioner William J.R. Embrey is a prisoner of the United States. His address is P.O. Box 1000, Oxford, WI 53952.

Respondent George Bush is the President of the United States. His office is located at 1600 Pennsylvania Ave. N.W. Washington, D.C. 20006.

Respondent Alberto Gonzales, is the Attorney General for the United States. He can be located at the Justice Department, Tenth Street and Constitution Ave. N.W., Washington, D.C. 20530.

Respondent Harley G. Lappin is the Director of the United States Bureau of Prisons, and can be located at 320 First Street, N.W., Washington, D.C. 20534.

Respondents Congress of the United States enact laws for the Federal Government, and are located at The Senate, Capitol Building, Washington, D.C. 20001.

2

## II. JURISDICTIONAL STATEMENT

Petitioner is confined by the Respondents in violation of the Constitution of the United States.

On April 24, 2000, the United States District Court for the Western District of Missouri committed Petitioner specifically to the custody of the United States Bureau of Prisons for a term of 262 months. See criminal case No. 98-03095-01-CR-S-3.

Respondent Bush holds executive power over the United States Bureau of Prisons. He is also chief executive over Respondents Gonzales and Lappin, and has original power and custody over Petitioner and his illegal imprisonment, including the power to order his release.

Respondent Gonzales is the chief executive administer over the United States Bureau of Prisons. See 18 U.S.C. § § 4041, 4042. See also §4082 (a) and (b). Thus, Respondent Gonzales is the secondary custodian of Petitioner, and has the authority to order his release from his unlawful imprisonment.

Respondent Harley G. Lappin is the Director of the United States Bureau of Prisons. See 18 U.S.C. §4041, §4048 (a)(2), but, he serves directly under Respondent Gonzales. See 18 U.S.C. §4048 and §4042. Thus, Respondent Lappin is the third custodian of Petitioner.

Respondents Congress of the United States enacts laws for the Federal Government,

These above mentioned Respondents are located and have their offices in Washington, D.C., strictly under the jurisdiction

of this Court. As set forth in Ex parte Royall, 117 U.S. 241, 249 (1886) and U.S. v. Lee, 106 U.S. 196, 220 (1882), and 28 U.S.C. §2241 (c) (3), §1361, §1651 and §2201, this Court has jurisdiction over this case and over the Respondents. Royall, 117 U.S. at 249; Lee, 106 U.S. at 220. And, and order from this Court directing Respondents Bush, Congress, and Gonzales to specifically perform their duty and to confine their duties within the bounds of Article I, §8, Article VI, Clauses 2 and 3, and the first ten Amendments; and to serve, support, and enforce the Constitution and its guaranteed protections to each Citizen of the States of the United States; and and order directing Respondents Bush, Gonzales and Lappin to release Petitioner from his unconstitutonal confinement, is within the jurisdiction of this Court. See Royall, 117 U.S. at 249; Lee, 106 U.S. at 220. The writ of habeas corpus has been used often to defend the liberty of the citizen, and even his life, against the assertion of unlawful authority on the part of the executive and the legislative branches of the Government. Lee, 106 U.S. at 220.

Petitioner has a right to invoke this Court's jurisdiction and to require this Court to enforce and to protect his Constitutional rights. See Davis v. Passman, 442 U.S. 228, 241–242 (1979); Lee, 106 U.S. at 220; U.S. v. Kenney, 91 F.3d 884, 886 (7th Cir. 1996); Sable v. Communication v. FCC, 492 U.S. 115, 129 (1989); Marbury v. Madison, 5 U.S. 137, 147–177 (1803).

4

### III.    CAUSE OF ACTION

On December 5, 1998, within the sovereign State of Missouri and under that State's sovereign protections (See Cohens v. Virginia, 19 U.S. 264, 426, 428 (1821))  Petitioner possessed six legal and lawful firearms which were contained in a locked suitcase that was locked in the trunk of his car. None of these firearms had been used in any unlawful manner. Nor, had Petitioner been involved in any kind of illegal criminal activity. The firearms were for personal protection and other lawful purposes.

Federal agents arrested Petitioner solely and only because he possessed these legal firearms.  The firearms were seized by these Federal agents.

The Constitution of the United States and United States Supreme Court precedents prohibits/bars the Federal Government to/from disarming any Citizen of the United States and from imprisoning that Citizen solely and only because that Citizen possessed a legal firearm within a sovereign State. Scott v. Sandford, 60 U.S. 393, 450 (1856); Ex parte Millegan, 71 U.S. 2, 104 (1866); U.S. v. Cruikshank, 92 U.S. 542, 553 (1875); Miller v. Texas, 535, 538 (1894); Second Amendment, Constitution of the United States. See also U.S. v. Verdugo-Urquidez, 494 U.S. 259, 265 (1990).  In the face of this clearly established Supreme Court and Constitutional law, the Federal Government seized Petitioner's legal firearms, and charged him under the Federal Government's law, 18 U.S.C. §922 (g)(1) for possession of these legal firearms.  At that time, the sovereign State of Missouri

5

(See Cohens, 19 U.S. at 426, 428) had sufficient laws on its statute books to punish Petitioner for this [same] offense had it choose to do so. Further, at that time, "the people" within the sovereign State of Missouri had not authorized the Federal Government to invade the State and arrest its Citizens for doing nothing more than possessing a legal firearm.

On September 10, 1999, at Petitioner's change of plea proceeding, he admitted that he possessed the firearms and that they had been transported across a state-line. **But, at no time during that proceeding did Petitioner admit that he was a "felon," and, at no time during that proceeding did the government allege that Petitioner was a "felon," and the government did not introduce into the record a plea agreement or a stipulation to prior conviction, or a waiver by Petitioner of his right to put the government to its proof, or a certified copy of a prior conviction.** THEREFORE, THE FEDERAL GOVERNMENT LACKED AN ESSENTIAL ELEMENT OF ITS §922 (g) (1) charged offense. See U.S. v. Gilliam, 167 FG.3d 628, 639 (D.C. Cir.), cert. denied, 526 U.S. ___ (1999). It is undisputed that under §922 (g) (1), the government must prove that Petitioner had a prior felony conviction. See Gilliam, 167 F.3d at 639. **Therefore, the Respondents have no legal or lawful authority to hold Petitioner in their prison.**

In any event, on April 24, 2000, the federal government's judge sentenced Petitioner to serve 262 months in the United States Bureau of Prisons, solely and only because he possessed a legal firearm within and under the protection of the sovereign State of Missouri. See Criminal NO. 98-03095-01-CR-S-3.

6

## RESPONDENTS ARE OBLIGATED TO THE CONSTITUTION

Respondent Bush holds the executive power over the United States and all of its departments, including the United States Bureau of Prisons. See Article II, § 1, Clause 1, Constitution of the United States; Milligan, 71 U.S. at 31. Respondent Bush took a sworn oath to preserve, protect and defend the Constitution of the United States. See Article II, §1, Clause 8, and Article VI, Clause 3, Constitution of the United States; Milligan, 71 U.S. at 31.

Respondent Gonzales is the chief law enforcement officer for the United States. He has taken a sworn oath to serve, suport and protect the Constitution. See his oath of office, and Article VI, Clause 3 of our Constitution.

Respondent Lappin is the Director of the United States Bureau of Prison, and he has taken an oath to support the Constitution. See his oath of office and Article VI, Clause 3 of our Constitution.

Respondents Congress of the United States are Constitutionally required to serve, support and protect the Constitution of the United States. See their oath of office and Article VI, Clause 3 of our Constitution. They can at no time act contrary to or against the Constitution. See **Article VI, Clauses 2 and 3 of the Constitution of the United States;** Milligan, 71 U.S. at 121; Cohens, 19 U.S. at 323; Marbury, 5 U.S. at 174-177. Respondents Congress create and enact laws for the Federal Government See **Article 1, §1, and §8 of the Constitution.** However, Respondents

7

Congress' power is greatly restricted by **Article 1, §8 and the first ten Amendments of the Constitution** See Marbury, 5 U.S. at 174-177; Cohens, 19 U.S. at 426, 428; Milligan, 71 U.S. at 121; City of Boerne v. Flores, 521 U.S. 507, 524 (1997), as to what laws Congress may enact for the Federal Government.

Respondents Congress (those within the Congress) are strictly **forbidden/prohibited to enact any law disarming "any" Citizen of the United States.** Scott, 60 U.S. at 450; Milligan, 71 U.S. at 104; Cruikshank, 92 U.S. at 553; Flores, 521 U.S. at 524; **Second Amendment of the Constitution of the United States.** And, any law created and passed by Respondents Congress and signed into law by Respondent Bush, [shall] be made in pursuance of and supportive of the Constitution of the United States. See **Article VI, Clauses 2 and 3 of our Constitution.** Coleman v. Thompson, 501 U.S. 722, 760 (1991); **The Federalist NO. 44, p. 286 (C. Rossiter ed. 1961).**

### UNCONSTITUTIONAL LAWS USED AGAINST THE CITIZENS

Respondents Congress have for many years created and passed hundreds of laws for the Federal Government to be inflicted upon Citizens within and under the protection of the sovereign States. Most if not all these Federal Government laws conflict with and <u>were</u> <u>not</u> made in pursuance or supportive of the Constitution. A test between the Federal Government's Title 18 and 21 against Article I, §8, Article VI, Clauses 2 and 3, and the first ten Amendments by the average educated Citizens will prove this fact, and would nullifiy most all Federal Government laws.

For many years the Federal Government through Respondents Congress, have used its law 18 U.S.C. §922(g)(1) as authority to invade the sovereign States and illegally **disarm and imprison thousands of Citizens who were under the protection of those sovereign States for nothing more than possessing a legal firearm.** This disarmament of these State Citizens is/was unlawful. <u>See</u> **Second Amendment, Constitution of the United States;** <u>Scott</u>, 60 U.S. at 450; <u>Milligan</u>, 71 U.S. at 104; <u>Cruikshank</u>, 92 U.S. at 553; <u>Cohens</u>, 19 U.S. at 426, 428; <u>Marbury</u>, 5 U.S. at 174-177. All parties involved with this disarmament and all Respondents in this case have/had a duty to serve, support, and to protect the Constitution and its protections to the Citizens of each State; and each Respondent is "bound" by the Constitution of the United States. <u>See</u> **Article VI, Clause 3;** <u>Lee</u>, 106 U.S. at 220.

9

CONGRESS ACTED CONTRARY TO ARTICLE VI, CLAUSES
2 & 3 AND THE SECOND, FIFTH AND NINTH AMENDMENTS
OF THE CONSTITUTION AND TO PRIOR UNITED STATES
SUPREME COURT DECISIONS WHEN IT ENACTED 18 U.S.C.
§992(b)(1). THUS, CONGRESS DID ACT WITHOUT PROPER
AUTHORITY IN THAT ENACTMENT

When Congress enacted §922(g)(1), it blatantly violated
Article VI, Clauses 2 and 3 and the Second, Fifth and Ninth
Amendments of the Constitution, and conspicuously ignored prior
United States Supreme Court decisions that declared the authority
of the Second Amendment which barred any action by Congress
concerning disarming any Citizen of the United States.

The first Militia law which was passed on March 17, 1792,
directed that every 'free able-bodied white male citizen' shall
be enrolled in the Militia. Scott v. Sandford, 60 U.S. 393,
420, 587 (1956). Thus, this Petitioner would be required by
law to be enrolled in the Militia.

The Constitution of the United States is a law for rulers
and people, equally in war and in peace, and covers with the
shield of its protection all classes of men, at all times, and
under all circumstances. No doctrine, involving more pernicious
consequences, was ever invented by the wit of man than that
any of its provisions can be suspended during any of the great
exigencies of government. Ex parte Milligan, 71 U.S. 2, 121
(1866).

"That which is fixed by the Constitution, Congress have
no power to change." Cohens v. Virginia, 19 U.S. 264, 323 (1821).

"A well regulated Militia, being necessary to the security
of a free State, the right of the people to keep and bear arms,

shall not be infringed," is fixed by the Constitution. See
Second Amendment, Constitution of the United States. See also
U.S. v. Cruikshank , 92 U.S. 542, 553 (1875); Scott v. Sandford,
60 U.S. 393, 450 (1856).

"The Second Amendment declares that it shall not be infringed;
this means that it shall not be infringed by Congress. This
is one of the Amendments that has no other effect that to restrict
the power of the national government." U.S. v. Cruikshank, 92
U.S. 542, 553 (1875). See also Scott v. Sandford, 60 U.S. 393,
450 (1856); Barron v. City of Baltimore, 32 U.S. 240, 250 (1833);
Presser v. Illinois, 6 S.Ct. 580, 584 (1886); Miller v. Texas,
153 U.S. 535, 538 (1894); Logan v. U.S., 144 U.S. 263, 276 (1892);
Robertson v. Balwin, 165 U.S. 275, 281-82 (1897); Maxwell v.
Dow, 176 U.S. 581, 597 (1900); **Federalist No. 46 (Madison);**
**Federalist No. 29 (Hamilton); 3 J. Story Commentaries on the**
**Constitution ss 1890, p. 746 (1833).** See also Marbury v. Madison,
5 U.S. 137, 176 (1803). Congress can not deny to the people
the right to keep and bear arms, nor  the right to a trial
by jury, nor compel any one to be a witness against himself in
a criminal proceeding. These powers, and others are, in express
and positive terms, denied to the General Government. Scott
v. Sandford , 60 U.S. 393, 450 (1856). See also Cruikshank ,
92 U.S. at 553.  And "Congress shall never disarm any Citizen
unless such as are or have been in Actual Rebellion." **2 Documentary**
**History of the Constitution of the United Satates, 1787-1870,**
**at 143 (1894).** See also Scott, 60 U.S. at 450; Cruikshank, 92
U.S. at 553.

11

Like the First and Fourth Amendments, the Second Amendment protects the right of "the people," which the Supreme Court has noted in a term of art that should be interperted consistently throughout the Bill of Rights. U.S. v. Verdugo-Urquidez, 494 U.S. 259, 265 (1990) (plurality opinion).  Just as the First and Fourth Amendments sercure individual rights of speech and security respectively, the Second Amendment protects an individual right to keep and bear arms. This view of the text comports with the all but unanimous understanding of the Foundering Fathers. See e.g., Federalist No. 46 (Madison); Federalist No. 29 (Hamilton), and Thomas Jefferson, Proposed Virginia Constitution, 1764 ("No man shall ever be debarred the use of Arms.); George Mason at Virginia's United States Constitution ratification Convention 1788 ("I ask sir, what is the Militia? It is the whole people . . . To disarm the people is the best and most effectual way to enslave them.").  This is not a novel position. In early decisions, the United States Supreme Court routinely indicated that the right protected by the Second Amendment applies to individuals. See e.g., Logan v. U.S., 144 U.S. 263, 276 (1892); Miller, 153 U.S. at 538; Robertson, 165 U.S. at 281-282; Maxwell, 176 U.S. at 597; Scott, 60 U.S. at 450, 587; Cruiksnank , 92 U.S. at 553.  Justice Story embraced the same view in his influential Commentaries on the Constitution. See 3 J. Story, Commentaries on the Constitution ss 1890, p. 746 (1833). It is the view that was adopted by United States Attorney General Homer Cummings before Congress in testifying about the constitutionality of the first federal gun control statute,

12

the National Firearms Act of 1934. See the National Firearms Act of 1934; Hearings on H.R. 9066 Before the House Comm. on Ways and Means, 73 Cong., 6, 13, 19 (1934). Then Attorney General Ashcroft held the same opinion. See Exhibit A attached.

Justice Story explained the Second Amendment as follows:

> "The right of a citizen to keep and bear arms has justly been considered the Palladium of the liberties of the republic, since it offers a strong moral check against the usurpation and arbitary power of rulers, and will generally, even if these are successful in the first instance, enable the people to resist and triumph over them."

United States Supreme Court Justice Joseph Story Authoritative Commentaries on the Constitution (1833). See also U.S. v. Emerson, 270 F.3d 203, 227-229, 264 n. 13, n. 24, n. 26-27 (5th Cir. 2001), reh'g and reh'g en banc denied 281 F.3d 1281 (5th Cir. 2001) and cert. denied, 122 S.Ct. 2362 (U.S. 2002).

The **Second Amendment** of our Constitution guarantees United States Citizens a **personal and a individual right** to possess a legal firearm. Emerson, 270 F.3d at 229-233; U.S. v. Emerson, 46 F.Supp.2d 598, 601-607 (N.D. Tex. 1999); English v. State, 35 Tex. 473, 477 (1872); Verdugo-Urquidez, 494 U.S. at 265; Scott, 60 U.S. at 450. See also Cruikshank, 92 U.S. at 553; Printz v. U.S., 521 U.S. 898, 893 & n. 2 (1997); Exhibits A and B attached.

### ALL ACTS OF CONGRESS AND LAWS OF THE UNITED STATES SHALL BE MADE IN PURSUANCE OF THE CONSTITUTION

The Constitution of the Unites States mandates that all acts of Congress and laws of the United States shall be made in pursuant of the Constitution of the United States. See

M'Cullock v. State, 17 U.S. 316, 406 (1819); Marbury, 5 U.S.
at 177; Cohens, 19 U.S. at 328, 381.   If acts of Congress are
not made in pursuance of the Constitution, that act is void.
Cohens, 19 U.S. at 328, 381.   Thus, Congress' act, 18 U.S.C.
§922(g)(1) is void, because under no argument can it be said
that §922(g)(1) was made in pursuance of the Second and Ninth
Amendments to the Constitution. Nor does §922(g)(1) in any way,
support the Second Amendment. Therefore, §922(g)(1) violates
Article VI, Clauses 2 and 3 of our Constitution. There is no
doubt that Congress acted contrary to the Constitution when
it enacted §922(g)(1). See Scott, 60 U.S. at 450; Cruikshank, supra.

The Constitution is the supreme Law of the Land, and no
act of Congress is of any validity which does not rest on authority
conferred by that instrument. U.S. v. Germaine, 99 U.S. 508,
510 (1876).  And, the Constitution controls any legislative
act repugnant to it; or, that the legislature may alter the
Constitution by an ordinary act. Marbury, 5 U.S. at 177.

The law is very clear that Congress cannot disarm any
Citizen of the United States. Scott, 60 U.S. at 450; Cruikshank ,
92 U.S. at 553; Barron, 32 U.S. at 250; Presser, 65 S.Ct. at
584; Miller, 153 U.S. at 538; Logan, 144 U.S. at 276; Robertson,
165 U.S. at 281-282; Maxwell, 176 U.S. at 597; **Federalist No.
46 (Madison); Federalist No. 29 (Hamiltion); 3 J. Story Commentaries
on the Constitution ss 1890, p. 746 (1833).**

Based on the mandatory langage of the first ten Amendments,
and the above cited United States Supreme Court authorities,
Congress nor any judge, can place their finger on any clause
of Article I, §8  and say, "this clause right here clearly

14

authorizes the federal government to disarm Citizens of the
United States." Thus, Congress' law, §922(g)(1) does not rest
on certified authorization from the Constitution of the United
States, therefore, Congress acted without proper authority when
it enacted §922(g)(1). Thus, that act is void. See Germaine,
99 U.S. at 510; Marbury, 5 U.S. at 177; Cohens, 19 U.S. 328,
381. The federal government may act only when the Constitution
authorizes it to do so. Printz v. U.S., 521 U.S. 898, 937 (1997).

It is Petitioner's claim  that Congress altered the Founder's
intent and purpose for the Second and Ninth Amendments when
it illegally enacted §922(g)(1).  It is clear from the above
cited authorities that §922(g)(1) is repugnant to the Constitution.
Moreover, it is clear that Congress ignored controlling United
States Supreme Court authorities that prohibited Congress to
enact §922(g)(1). See Scott, 60 U.S. at 450; Cruikshank, supra.

It is clear that if §922(g)(1), the statute under which
Petitioner was convicted be repugnant to the Constitution, the
prosecution against him has nothing upon which to rest, and
the entire proceeding against him is a nullity. See Royall,
117 U.S. at 248. As the Supreme Court said in Ex parte Siebold,
100 U.S. 376, "an unconstitutional law is void, and is as no
law. A conviction under it is not merely erroneous, but is illegal
and void, and cannot be the legal cause of imprisonment." Royall,
117 U.S. at 248. See also Ex parte Yarbrough, 110 U.S. 654,
S.C. 4 Supp. Ct. Rep. 152.

There has been many of the government's judges across the
United States, playing politics instead of applying the law

15

and Constitutional authorities, have said in their opinion,
that §922(g)(1) is constitutional. Thoses judges in making
those erroneous opinions, ignored the above controlling United
States Supreme Court and Constitutional authorities, and also
ignored their duty demanded by Article VI, Clauses 2 and 3,
and the Second, Fifth and Ninth Amendments, because all judges
are bound to obey and to support the Constitution ( Cohens, 19
U.S. at 344; U.S. v. Lee, 106 U.S. 196, 220 (1882). See also
Marbury, 5 U.S. at 176) when they made those opinions.

For the above reasons and authorities, it cannot be denied
that when Congress enacted §922(G)(1), it acted without any
authority from the Constitution, and in fact, did violate Article
VI, Clauses 2 and 3, and the Second, Fifth and Ninth Amendments
of the Constitution of the United States.

### PETITIONER WAS DENIED LEGAL MATERIALS

The federal prison law libraries where Petitioner has been
confined now and in the past, do not contain Supreme Court or
other legal authorities older than about 1960. Therefore, the
federal government denied Petitioner legal authorities required
to prove his case.

Petitioner just recently was able to obtain the above cited
older Supreme Court cases from an outside (the prison) source,
which were unavailable to Petitioner during his §2255 proceeding.
Thus, he was denied these authorities by the government when
he filed his §2255 motion. Therefore, this Court should reach
a determination on this issue. See Easterwood v. Champion, 213
F.3d 1321 (10 Cir. 2000); Davenport, 147 F.3d at 608-609; Cooper,
199 F.3d at 900-901.

## CONGRESS DID NOT CONSIDER CITIZENS' SUBSTANTIAL RIGHT TO ENGAGE IN INTERSTATE COMMERCE WHEN IT ENACTED §922(g)(1)

When Congress enacted §922(g)(1), it did not consider that the commerce clause guaranteed a right to United States Citizens to engage in interstate commerce, and that §922(g)(1) would infringe upon that right.

"To carry on interstate commerce is not a franchise or privilege granted by the State; it is a right which every citizen of the United States is entitled to exercise under the Constitution and laws of the United States." Crutcher v. Kentucky, 141 U.S. 47, 57 (1891); Dennis v. Higgins, 498 U.S. 439, 448 (1991). Therefore, Petitioner had/has a substantial right to engage in interstate trade, such as purchasing food, house hold goods, furnture, clothing, automobiles and other legal merchandise, including firearms that had legally been shipped in interstate commerce. See e.g., Crutcher, 141 U.S. at 57; Dennis, 498 U.S. at 448-449.

Supreme Court Justice **Thomas** in his concurring opinion in U.S. v. Lopez said: "But it seems to me that the power to regulate 'commerce' can by no means encompass authority over mere gun possession, any more than it enpowers the federal government to regulate marriage, littering, or cruelty to animals, throughout the 50 states.'" 131 L.Ed.2d 626, 654 (1995). See also Printz v. U.S. 521 U.S. 898, 937-939 (1997), and Exhibit B attached. Therefore, Petitioner had a right under the commerce clause to engage in interstate commerce free of discriminatory

17

laws on Petitioner's right to purchase a legal firearm for the
protection of his family, his home and himself, against home
invaders, rapists, child - molesters, killers, and other criminals
when it is clear that the State and Federal Governemnts cannot
provide or guarantee such protections.  The federal government's
law §922(g)(1) directly or indirectly infringes on that right.
See, e.g., Boston Stock Exchange v. State Tax Comm'n, 429 U.S.
318, 320, n.3 (1977); Dennis, 498 U.S. at 448.

Congress' act §922(g)(1) impermissibly intrudes into the
free exercise of commerce, and the "right" of Citizens to protect
their homes, families and selves; and alters the **Founders'**
intent and purpose for the Second, Fifth, Ninth and Tenth Amendments,
and Article VI, Clauses 2 and 3, by arbitrary definitions and
restrictions which created a "class of people" within "the
people" of the United States and discriminates against that
"class" by dictating restrictions on their "right" to purchase
certain legal and needed merchandise that had been legally
moved across state-lines; and their "right" to protect their
homes, families and selves with a legal firearm, against home
invaders, rapists, child-molesters, murderers and other crimes
when the evidence clearly proves that the State and Federal
Governments cannot protect these Citizens from that criminal
conduct.

When Congress created §922(g)(1) and when government judges
opined that that act was constitutional, those government agents
were acting politically and without authority; and were acting
outside their Constitutional mandated duty. See Scott, 60 U.S.

at 450; <u>Cruikshank</u>, 92 U.S. at 553; <u>Miller</u>, 153 U.S. at 538;

**Second, Fifth, Ninth and Tenth Amendments and Article VI, Clauses**

**2 and 3 of our Constitution.** <u>See</u> <u>also</u> <u>M'Cullock</u>, 17 U.S. at

406; <u>Marbury</u>, 5 U.S. at 177; <u>Cohens</u>, 19 U.S. at 328, 344, 381;

<u>Germaine</u>, 99 U.S. at 510; <u>Lee</u>, 106 U.S. at 220.

    For these above reasons and authorities, this Court should

order Petitioner immediately released from his unconstitutional

confinement.

5 U.S. at 174-177; **Article I, §8, Article VI, Clauses 2 and 3, first ten Amendment, Constitution of the United States.**

> **GOVERNMENT OFFICIALS SERVE THEIR OWN SELF-INTERESTS AND/OR POLITICAL INTERESTS AND VIEWS AND NOT THEIR CONSTITUTIONAL DUTY DEMANDED BY ARTICLE VI, CLAUSE 3 OF THE CONSTITUTION OF THE UNITED STATES**

All officials of the Federal Government, from the higest to the lowest, are creatures of the law and are bound to obey it. It is the only supreme power in our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes upon the exercise of the authority which it gives. Lee, 106 U.S. at 220. See also **Article VI, Clauses 2 and 3, Constitution of the United States.** The fundamental principle of supremacy of law, the crux of our Constitutional government, requires that all public officials obey the mandates of the Constitution. See **Article VI, Clause 3, Constitution of the United States;** CBS Imports Corp. v. U.S., 450 F.Supp. 724, 728 (U.S. Customs Court 1978); Lee, 106 U.S. at 220; Speiser v. Randall, 357 U.S. 513, 536 (1958); Printz v. U.S., 521 U.S. 898, 943 (1997).

Unfortunately, public officials due to their self-serving and/or political interests and/or the political views of the subject gererally neglect their bound duty and act outside the set boundary of the Constitution. Thus, they act without authority from that Constitution. In this respect, the government's judge's

neglect their bound duty and accept any statute passed by legislators as being a "lawful" statute and thus, constituting the law of the land. This point is well illustrated by testing the Government's laws within its Title 18 and 21, United States Code, against **Article I, §8, Article VI, Clauses 2 and 3, and the first ten Amendments of our Constitution** which is supported by <u>Marbury</u>, 5 U.S. at 174, 176-177; <u>Cohens</u>, 19 U.S. at 426, 428. This test would void all but five or six of the Federal Government's statutes.

In the thousand or so statutes set forth in the Government's Title 18 and 21, United States Code, no judge or legislative person (more than five or six times) can place their finger directly on one of the Clauses of Article I, §8, and say, "the Clause right here <u>clearly</u> and <u>specifically</u> authorize that government statute there."

What if the Citizens of the United States demanded a law that required an electric-chair be connected to and programed by a computer which the government's laws contained in its Title 18 and 21, United States Code and **Article I, §8, Article VI, Clauses 2 and 3 and the first ten Amendment of our Constitution** had been programed (the Constitution against the Government's laws), and the legislative people and judges were required to be strapped into that electric-chair, and Citizens could then demand that that judge or legislative person place their finger, within one minute, on a Clause of Article I, §8 (set forth on the computer key board) that clearly and specifically authorized

23

that specific Government law, and when the answer is wrong,

the computer sent a deadly shock to the chair??  Such a law

would certainly give legislative people and judges a burning

desire to to forget about political view points, and their own

self-serving interest, and to perform their Constitutional duty,

and support, serve, and protect the Constitution and its

guaranteed protections to the Citizens of the United States.

This law would certainly ensure that Government officials not

ignore their duty, and not ignore or forget that the Constitution

of the United States is the supreme Law of the Land. See **Article**

**VI, Clause 2 and 3, Constitution of the United States;** U.S.

v. Germine, 99 U.S. 508, 510 (1878); Cooper v. Arron, 358 U.S.

1, 18 (1958); Marbury, 5 U.S. at 177.  Further, these Government

officials would not forget that any act (statute) passed by

Congress, to be valid, must [shall] be made in pursuance of,

and in agreement with and supportive of the Constitution. **Article**

**VI, Clause 2, Constitution of the United States;** Coleman v.

Thompson, 501 U.S. 722, 760 (1991); Marbury, 5 U.S. at 177;

Germaine, 99 U.S. at 510; **The Federalist NO. 44, p. 286 (C.**

**Rossiter ed. 1961).**  The Constitution controls any legislative

act repugnant to it. Marbury, 5 U.S. at 177; Germaine, 99 U.S.

at 510. It is impossible for a law which violates the Constitution

to be a valid law. Marbury , 5 U.S. at 177; **Article VI, Clause**

**2, Constitution of the United states.** This is succinctly stated

by the Supreme Court when it said: "All laws which are repugnant

to the Constitution are null and void." Marbury, 5 U.S. at 174,

176-177. "Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." Miranda v. Arizona, 384 U.S. 436, 491 (1966).

Congress is bound by the limitations imposed by the Bill of Rights. Barenblett v. U.S., 360 U.S. 109, (1959), reh'g denied 361 U.S. 854 (1959). The first eight Amendments forbid the abridgment by acts of Congress or the United States Government, its agencies and departments, of the rights therein guaranteed. Bartkus v. People of State of Ill., 359 U.S. 121 (1959), reh'g denied 360 U.S. 907 (1959). The first eight Amendments the the Constitution set forth self-executing prohibitions on governmental action, and the Supreme Court has had primary authority to interpret this prohibitions. City of Boerne v. Flores, 521 U.S. 507, 524 (1997); Sciolimo v. Marine Midland , Bank - Western , 128, 131 (W.D. N.Y. (1979); Dow v. Maxwell, 176 U.S. 581, 586, 597-598, 608 (1900). The Supreme Court has interpreted the **Second Amendment** to mean that Congress is prohibited to disarm any United States Citizen. See Scott, 60 U.S. at 450; Millegan, 71 U.S. at 104; Cruishank, 92 U.S. at 553; Miller, 153 U.S. at 538; Verdugo-Urquidez, 494 U.S. at 265.

For the above reasons and law, it cannot be denied that Congress acted contrary to their oath of office, to their duty, to the demands of Article VI, Clauses 2 and 3 and the first ten Amendments (specifically Amendment 2) when it enacted the Government's statute §922(g)(1). It cannot be denied that

25

government judges for years have acted contrary to their oath
of office, to their duity, and to Article VI, Clauses 2 and
3 and the first ten Amendments when they ordered thousands of
United States Citizens to the government's prisons for 2-30
solely and only because that Citizen possessed a legal firearm
within and under a sovereign States' protections, under a government
law that is clearly unconstitutional, forbidden and prohibited
by the Constitution of the United States and by prior United
States Supreme Court authroities. And, it cannot be denied that
the Federal government, its officials, have imprisoned several
thousand Citizens of the United States under a law that Congress
was strictly forbidden and prohibited to enact.  Next, it cannot
be denied that Respondents Bush, Congress and Gonzales have
a duty demanded by the Constitution of the United States to
immediately rectify this injustice to these Citizens, and to
stop this unconstitional actions by the officials of the federal
government, but have <u>failed</u> to do so. THEREFORE, Petitioner
requests the following relief.

### IV.   REQUEST FOR RELIEF

For the above reasons and controlling law, Petitioner request
the Court for the following:

(a) Find that Congress acted contrary to United States
Supreme Court and Constitutional authority when it enacted
the Government's law §922(g)(1);

(b) Find that Respondents Bush, Congress and Gonzales have
failed in their Constitutional duty to rectify the
injustice and the illegal confinement of thousands
of United States Citizens, including Petitioner who

26

have been imprisoned under a government law prohibited
by the Constitution and Supreme Court authorities;

(c)   Find that Petitioner's confinement violates the United
      States Constitution;

(d)   Issue an order directing Respondents Bush and Gonzales
      to immediately release Petitioner from his unlawful
      confinement;

(e)   Issue an order prohibiting Respondents Congress from
      passing any law that is not clearly made in pursuance
      of and supportive to the Constitution;

(f)   Issue an order prohibiting the President of the United
      States from signing into law any act of Congress, unless
      that act is clearly and specifically authorized by Article
      I, §8; and clearly does not in any way conflict with
      Article VI, Clause 2 and 3 and the first ten Amendments;

(g)   Issue and order that Respondent Congress in enacting
      and passing laws for the government, must state which
      Clause of Article I, §8, that clearly and specifically
      authorizes that law, and this Clause be stated within
      that statute.

(h)   Order that the Government's laws within its Title 18
      and 21, United States Code, be closely examined by a
      panel of ordinary educated Citizens and tested against
      Article I, §8, Article VI, Clauses 2 and 3 and the first
      ten Amendments, and determine whether each government
      law meets the requirements of the Constitution. And,
      those laws which do not meet this requirement shall be
      nullified.


     Pursuant to 28 U.S.C. §1746, I declare and certify that
the above and foregoing is true and correct.

Dated   September 30, 2005

                          Respectfully submitted,

                          William J.R. Embrey
                          Pro se Petitioner
                          #87263-132
                          P.O. Box 1000
                          Oxford, WI 53952

27