UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

WILLIAM J.R. EMBREY,

    Petitioner,                      C.A. No. 05-2022 (RCL)

    vs.

GEORGE W. BUSH, et al.,

    Respondents.
_____/

**MOTION FOR APPOINTMENT OF COUNSEL WITH AFFIDAVIT IN SUPPORT OF THE MOTION FOR APPOINTMENT OF COUNSEL**

COMES NOW Petitioner William J.R. Embrey, a _pro se_ prisoner, who has been granted leave to proceed in forma pauperis, and pursuant to 28 U.S.C. § 1915 and 18 U.S.C. § 3006A, moves the Court to appoint counsel to represent and assist him in this case, Petitioner makes this request based on the following reasons:

1. Petitioner is a 67 year old prisoner who has a very bad heart and other medical problems that for the past six years has prohibited him from working at a prison job.

2. Petitioner has no money, owns no property, has no money in any bank, and owns nothing of any value. At this time he has $3.67 in his prison account.

3. Petitioner is unable to afford counsel.

4. Petitioner has a very limited knowledge of the law.

5. The prison law library where the Respondents have him confined, is very limited in the legal materials it contains. And the legal materials only go back to about 1965. Thus, the library is insufficient to effectively litigate this case.

RECEIVED
MAR 13 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

6. Petitioner's claims set forth facts and law that show the Respondents have passed laws that are forbedden by the Constitution of the United States.

7. The facts and law presented by this case show that the Respondents have Petitioner and hundreds of other United States Citizens in prison in violation of the Constitution of the United States.

8. This is a complex case because it contains several different legal claims, with each claim involving a different set of Respondents.

9. This case involves issues that will require experts on the Constitution and its purpose and intent, to give opinions and testimony.

10. This case will require discovery of documents and depositions of the Respondents, and of witnesses, concerning Respondents' Constitutional authority to imprison Citizens of the United States solely for possession of a legal firearm for home, family and self protection and for hunting and other legal purposes.

11. The Petitioner has only a GED education and has no legal education.

**THE COURT SHOULD APPOINT COUNSEL FOR PETITIONER**

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of

the indigent to present his claims and the complexity of the legal issues." Abdublah v. Gunther, 949 F.2d 1032, 1035 (8th Cir. 1991)(citation omitted), cert. denied, 112 S.Ct. 1995 (1992).

The Petitioner is in federal prison and has no way to, or the ability to investigate the facts. He is unable to identify, locate and to interview the Congress people who passed the illegal laws in question, and have them produce the Constitutional authority from Article I, § 8, that they based their illegal law on. A factor that supports appointment of counsel in this case. See Tucker v. Randall, 948 F.2d 388, 391-92 (7th Cir. 1991); Gatson v. Coughlin, 679 F. Supp. 270, 273 (W.D. N.Y. 1988). In addition, this case will require considerable discovery, research and investigation into the history and intent and purpose of the Founders' intent and purpose for the Constitution of the United States and its Second Amendment; and the Respondents' misuse of those documents. Thus, supporting appointing counsel in this case. See Tucker v. Dickey, 613 F. Supp. 1124, 1133-34 (W.D. Wis. 1985).

The Petitioner is an indigent prisoner with no legal training and confined in a prison with a legal library that is very limited and very inadequate for a fair opportunity to litigate this case. A factor that supports the appointment of counsel. See Whiesnant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). In addition, he is confined in Respondents' prison which he has a very limited access to legal materials, and those materials

are lacking to effectively research his claims. And, the prison does not provide a person trained in the law to assist him with his case. This, supporting the appointment of counsel. See Rayes v. Johnson, 969 F.2d 700, 703-07 (8th Cir. 1992).

### CONCLUSION

For the above reasons, this Court should grant Petitioner's motion and appoint counsel in this case. That attorney should be from the Washington, D.C. area, and should be knowledgeable of the Founders' intent and purpose for the Constitution.

Pursuant to 28 U.S.C. § 1746, I declare and certify that the above and foregoing is true and correct.

Executed on March 5, 2006

                                            Respectfully submitted,

                                            William J.R. Embrey
                                            Pro se Petitioner
                                            #87263-132
                                            P.O. Box 1000
                                            Oxford, WI 53952

### CERTIFICATE OF SERVICE

I declare that a true and correct copy of the foregoing was mailed to:

George W. Bush
White House
1600 Pennsylvania Avenue, N.W.
Washington, D.C. 2004

                                            William J.R. Embrey