UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

WILLIAM J.R. EMBERY,

    Petitioner,                    C.A. No. 05-2022 (RCL)

vs.

GEORGE W. BUSH, et al.,

    Respondents.
_____/

### MOTION REQUESTING THIS COURT TO ALLOW DISCOVERY AND THE EXPANSION OF THE RECORD

Petitioner, a pro se prisoner, pursuant to Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure or elsewhere in the usages and principles of law moves the Court to allow discovery and the expansion of the record in this case.

Petitioner's case claims that Congress enacted laws which it and the President were constitutionally prohibited to pass.

Title 18 U.S.C. § 922 (g) (1) rests on §1202 (1968), a bill that was a last-minute amendment to the Omnibus Crime Control Act. The bill was interoduced by Senator Long on May 17, 1968. The amendment was not referred to any committee and there were no legislative hearings and no committee reports. See Scarborough v. U.S., 431 U.S. 563, 569, n. 9 (1977); U.S. v. Bass, 404 U.S. 336, 344 & n. 11 (1971). Several of the then Senators observed some problems with the bill and there was a Constitutional doubt among them that the federal government couls outlaw the mere possession of weapons. Scarborough, 431

1

RECEIVED
MAR 20 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. at 574. The then Congress hastily passed the bill with little or no discussions, no hearings, and no reports. Id. 431 U.S. at 570 n. 9; Bass 404 U.S. at 344 & n. 11. In other words, § 1202 (1968) and § 922 (g) (1) were enacted without any research to determine whether Article 1, § 8, and the Second and Fifth Amendments of our Constitution could constitutionally authorize Congress to enact such laws. In accordance with Supreme Court precedent, the Constitution prohibited Congress and the then President to pass laws that required imprisonment for United States Citizens who possessed a legal firearm for home, family and self-protection, and for hunting and other lawful purposes. See Ex parte Milligan, 71 U.S. 2, 103-104 (1866); Scott v. Sandford, 60 U.S. 393, 417 (1854); U.S. v. Cruikshank, 92 U.S. 542, 553 (1875); Presser v. Illinois, 6 S.Ct. 580, 584 (1886); Miller v. Texas, 153 U.S. 535, 538 (1894). See also M'Culloch v. State, 17 U.S. 316, 416-17 (1819); Cohens v. Virginia, 19 U.S. 264, 426, 428 (1821); People v. Geodfrey, 17 Johns. 225, 233 (N.Y. 1819); Article 1, § 8, Article VI, and the Second and Fifth Amendments of our Constitution. Therefore, it is beyond all reasonable doubt that the Constitution of the United States and clear precedent by the Supreme Court prohibited Congress and the then President to pass § 1202 (1968) and § 922 (g) (1). And further, it is beyond doubt that Congress, the President, the Attorney General and judges, then and now, have ignored this above law, and have failed in their constitutional duty to correct § 922 (g) (1), and failed to correct the injustice

that has happened to thousands of United States Citizens, including Petitioner, who have been unlawfully imprisoned by the Federal Government for merely possession of a legal firearm. Therefore, Petitioner request the Court to allow discovery and the expansion of the record not limited to, but to include the following:

1. Senator Long's May 17, 1968 bill concerning § 1202 (1968);

2. The bill concerning § 922 (g) (1);

3. All discussions and debates by Congress, and all legislative hearings and any committee reports and House discussions concerning both § 1202 (1968), and § 922 (g) (1);

4. **The Federalist Papers** concerning the Second Amendment;

5. **2 Documentary History of the Constitution of the United States, 1787-1870 at 142-144 (1884);**

6. **Federalist No. 46 (Madison);**

7. **Federalist No. 29 (Hamilton);**

8. **J. Story Commentaries on the Constitution ss 1890, 745-747 (1833);**

9. Because Petitioner is a prisoner under the control of the Respondent, and is deprived of the above information, Petitioner request this Court to order the Respondents to <u>forthwith</u> provide this Court and Petitioner a copy of the above requested information, as the Respondents have said information under their control.

<u>Dated</u> March 14, 2006

Respectfully submitted,

*William J.R. Embrey*
William J.R. Embrey
Pro se Petitioner
87263-132
P.O. Box 1000
Oxford, WI 53952

CERTIFICATE OF SERVICE

I declare/certify that a true and correct copy of the foregoing was mailed to:

George W. Bush
President of the United States
1600 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

Alberto Gonzales
Attorney General of the United States
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

*William J.R. Embrey*
William J.R. Embrey