UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **WILLIAM J.R. EMBRY** | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 05-2022 (RCL) |
| | ) | |
| **GEORGE W. BUSH, et al.,** | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**GOVERNMENT'S MOTION TO TRANSFER
PETITIONER'S *PRO SE* OMNIBUS PETITION FOR
WRITS OF HABEAS CORPUS, MANDAMUS AND PROHIBITION**

Respondents, by and through their attorney, the United States Attorney for the District of Columbia, hereby file their motion to transfer petitioner's *pro se* omnibus petition for writs of habeas corpus, mandamus and prohibition to the United States Court of Appeals for the Eighth Circuit so that the Court of Appeals may determine whether to authorize the filing of petitioner's petition, because this petition is, in substance, a motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255.

**PROCEDURAL HISTORY**

On December 16, 1998, a grand jury sitting in the United States District Court for the Western District of Missouri, returned a one-count indictment charging petitioner as a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). *See United States v. Embrey*, No. 98-3095-01-CR-S-ODS (W.D. Mo.), Docket Sheet, attached as Exhibit A. On September 10, 1999, pursuant to a plea agreement with the government, petitioner pled guilty to the weapons charge, before the Honorable Ortrie D. Smith. *Id*. On May 1, 2000, petitioner was sentenced to 262 months in prison. *Id*. His conviction was affirmed by the Eighth Circuit Court

of Appeals. *United States v. Embrey*, 250 F.3d 1181 (8th Cir. 2001), *cert. denied*, 538 U.S. 953 (2003).

On September 21, 2001, petitioner filed, *pro se*, his first motion for post-conviction relief captioned "Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. Section 2255." *See Embrey v. United States*, No. 01-1040-CV-S-3-P-ECF (W.D. Mo.), Petition (cover sheet), attached as Exhibit B. Judge Smith denied the § 2255 motion on March 5, 2002, *see* Order, attached as Exhibit C, and the Eighth Circuit Court of Appeals denied petitioner a certificate of appealability on October 30, 2002. *See* Order, attached as Exhibit D.

On September 9, 2004, petitioner filed a *pro se* motion captioned, "Motion to Vacate a Void Indictment and Judgment." *See Embrey v. United States*, No. 04-3246-CV-S-ODS-P (W.D. Mo.), Docket Sheet, attached as Exhibit E. Treating the pleading as a second § 2255 motion, Judge Smith denied the motion on August 3, 2004. *See* Order, attached as Exhibit F. On May 31, 2005, the Eighth Circuit denied petitioner a certificate of appealability. *See* Exhibit E.[1] Petitioner filed the instant petition on October 13, 2005.

**ARGUMENT**

Although petitioner has styled his claim for relief as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, mandamus under 28 U.S.C. § 1361, and prohibition pursuant to the All Writs Act, 28 U.S.C. § 1651, the instant petition is, in effect, a successive motion under 28 U.S.C. § 2255. It is well settled that courts must ignore the legal label that a *pro se* litigant attaches to a motion and determine the proper characterization of the motion based on the nature

---

[1] Petitioner has filed numerous other motions in the Western District of Missouri, the Eastern District of Texas, the District of Colorado and the Western District of Wisconsin, which, for the sake of brevity, will not be rehashed here.

of the relief sought. *See Castro v. United States*, 540 U.S. 375, 382 (2003); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Andrews v. United States*, 373 U.S. 334, 338 (1963) ("adjudication upon the underlying merits of claims is not hampered by reliance upon the titles petitioners put upon their documents") (internal quotation marks and citations omitted).

Therefore, a motion functionally equivalent to a § 2255 motion to vacate, set aside, or correct a sentence must be construed as such, when appropriate, regardless of the caption on the pleading. *See United States v. Palmer*, 296 F.3d 1135, 1145 (D.C. Cir.2002) (acknowledging that the district court had authority to re-characterize a motion for a new trial as a motion under § 2255); *see also In re: Pasha*, No. 02-3035, 2002 U.S. App. LEXIS 12185, at *1-2 (D.C. Cir. June 18, 2002) (district court's re-characterization of a motion pursuant to Fed. R. Civ. P. 60(b) as a motion pursuant to § 2255 was proper); *United States v. Williams*, No. 00-3165, 2001 U.S. App. LEXIS 4015, at *1 (D.C. Cir. Feb. 7, 2001) (same); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir.2004) (a motion "substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover.").[2]

---

[2] It should be noted that a court may not re-characterize a *pro se* motion as an initial § 2255 motion unless it first ensures that the movant is fully informed of the preclusive effects that a re-characterization will have on a future § 2255 motion and offers the movant an opportunity to withdraw his motion. *See Castro v. United States*, 540 U.S. 375, 376 (2003); *United States v. Palmer*, 296 F.3d 1135, 1146 (D.C. Cir. 2002). However, the *Castro/Palmer* warnings are unnecessary where a court is re-characterizing a *pro se* motion as a second or successive § 2255 motion. *See, e.g., United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005) ("[a] captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro's* warn-and-allow-withdrawal approach does not apply"); *Gonzalez v. Sec'y for Dep't of Corrs.*, 366 F.3d 1253, 1277 n. 10 (11th Cir. 2004) (*en banc*) ("[t]he *Castro* decision does not extend beyond initial filings"), *aff'd on other grounds sub nom., Gonzalez v. Crosby*, --- U.S. ----, 125 S.Ct. 2641 (2005).

In his petition, petitioner challenges the legality of his sentence, arguing that the federal firearms statutes under which he was convicted are unconstitutional because they violate his Second Amendment right to keep and bear arms. Because petitioner is making a collateral attack on an imposed federal sentence, the proper avenue of relief is § 2255. *See*, *e.g.*, *Smith v. United States*, 270 F.2d 921, 924 (D.C. Cir. 1959) (§ 2255 motion broadly covers all situations where a sentence is open to collateral attack); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A [Section] 2255 motion . . . provides the primary means of collateral attack on a federal sentence . . . [and] is warranted for errors . . . that occurred at or prior to sentencing.") (internal quotation marks and citation omitted); *Baylor v. United States*, 314 F. Supp. 2d 47, 50 (D.D.C. 2004) ("a challenge to an imposed federal sentence falls under section 2255"); *Pradelski v. Hawk-Sawyer*, 36 F. Supp. 2d 1 (D.D.C. 1999) ("The general rule [is] that a federal prisoner, who attacks the legality of his sentence or conviction, must first file a motion pursuant to § 2255").[3]

Petitioner's attempt to frame his claim as a petition under the federal habeas statute, 28 U.S.C. § 2241, is misguided. Section 2241 provides a vehicle to attack "the execution of a sentence rather than its validity." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). *See also Jiminian v. Nash*, 245 F.3d 144 (2d Cir.2001) ("[a] motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence"); *Coady v. Vaughn*, 251 F.3d 480, 485

---

[3]     Title 28 U.S.C. § 2255 provides in part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(3d Cir.2001) (§ 2241motion appropriate for "a federal prisoner who is challenging not the validity but the execution of his sentence"); *Perkins v. Henderson*, 881 F. Supp. 55, 59 n.4 (D.D.C. 1995) ("It is well settled in this jurisdiction and elsewhere that ... an attack on the execution [of a sentence] may be accomplished only by way of habeas corpus in the district of confinement.") (internal quotations omitted).[4] Plainly, § 2241 does not provide the relief requested by petitioner.

Petitioner also relies on 28 U.S.C. § 1361[5] and the All Writs Act, 28 U.S.C. § 1651,[6] as statutory authority for the relief he seeks. However, neither statute is of any avail to petitioner. Mandamus relief under § 1361 is as "drastic" remedy, "to be invoked only in extraordinary circumstances." *Allied Chem. Corp. v. Daiflon Inc.*, 449 U.S. 33, 34 (1980). Absent some showing by petitioner that a § 2255 motion is unavailable or inefficacious, "it is clear beyond

---

[4] A § 2241 petition attacking custody resulting from a federally imposed sentence may only be entertained if the petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective. *See* 28 U.S.C. § 2255 ¶ 5; *In re Smith*, 285 F.3d 6,8 (D.C. Cir. 2002). "The fact that a petitioner's motion has been denied does not make the remedy either inadequate or ineffective." *Lyons v. Fed. Bureau of Prisons*, 2005 WL 3211417 (D.C. Cir. Nov. 14, 2005). *See also McGhee v. Hanberry*, 604 F.2d 9, 10-11 (5th Cir.1979) (holding that a prior unsuccessful § 2255 motion is insufficient on its own to establish the ineffectiveness of § 2255 remedies). The burden of showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner. *McGhee*, 604 F.2d at 10. Because the § 2255 remedy is not inadequate or ineffective to test the legality of petitioner's confinement in this case, petitioner must seek relief under § 2255.

[5] Title 28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

[6] The All Writs Act states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

reasonable dispute that mandamus will not appropriately lie." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir.1988) (*en banc*).  Similarly, relief under § 1651, is an "extraordinary remedy that may be invoked only if the statutorily prescribed remedy" is "clearly inadequate." *In re GTE Service Corp.*, 762 F.2d 1024, 1027 (D.C. Cir.1985).   Because petitioner has not, and indeed cannot, demonstrate that the relief prescribed by § 2255 is inadequate, he cannot invoke § 1361 or § 1651 in this case.  Accordingly, this Court should ignore the labels petitioner attached to his petition and properly treat the instant petition, which solely challenges the legality of his sentence, as a motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255.

Moreover, because this is not petitioner's first § 2255 motion, his petition must be transferred to the Eighth Circuit Court of Appeals, rather than to the district court that sentenced him.  Under Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), before filing a second or successive § 2255 motion a prisoner must first obtain a certification from the appropriate court of appeals.[7]  *See* 28 U.S.C. § 2255 ¶ 8.  Absent such certification, a district court lacks jurisdiction to entertain a second or successive § 2255 motion. *See*, *e.g.*, *United States v. Lawrence*, No. 97-3164, 1998 WL 203115, at *1 (D.C. Cir. Apr.15, 1998); *United States v. Levi*, 1997 WL 529069 at *1 (D.C. Cir. 1997); *Fugate v. Dep' of Corrs.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (failure to request the requisite authorization to file a

---

[7]   Petitioner must establish (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense, *see* 28 U.S.C. § 2255 ¶ 8(1); or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.  *See* 28 U.S.C. § 2255 ¶ 8(2).

second or successive § 2255 motion deprives the district court of jurisdiction); *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (same), *Nelson v. United States*, 115 F.3d 136 (2d Cir. 1997) ("to the extent the district court dealt with the [successive] 2255 motion on its merits, the judgment of that court ... is vacated for lack of jurisdiction in that court to entertain the motion").

A district court should, therefore, transfer a second or successive § 2255 motion, pursuant to 28 U.S.C. 1631, to the appropriate court of appeals for certification.[8]  *See, e.g., Coleman v. United States*, 106 F.3d 339, 340-341 (10th Cir. 1997) (district court should transfer motion, in interest of justice, pursuant to 28 U.S.C. § 1631, to appropriate court of appeals for certification); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (same); *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (same).  Accordingly, because petitioner's petition is properly viewed as a successive § 2255 motion and because petitioner was sentenced by the U.S. District Court for the Western District of Missouri, petitioner's habeas petition should be transferred to the Eighth Circuit Court of Appeals so that the Court of Appeals may determine whether to authorize the filing of this pleading in the U.S. District Court for the Western District of Missouri.

---

[8] Title 28 U.S.C. § 1631 provides that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it was transferred on the date upon which it was actually filed in ... the court from which it was transferred."

## CONCLUSION

For the foregoing reasons, the government respectfully requests that petitioner's petition be transferred to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____/s/_____
ROBERT D. OKUN, D.C. Bar No. 457-078
Chief, Special Proceedings Section

_____/s/_____
Stephen W. Riddell, D.C. Bar No. 357-756
Assistant United States Attorney
555 4th Street, N.W., Room 10-911
Washington, DC 20530
(202) 305-4882

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing response has been served via U.S. mail upon petitioner, William J.R. Embrey, *pro se*, Fed. Reg. # 87263-132, FCI Oxford, Federal Correctional Institution, P.O. Box 1000, Oxford, WI 53952, on this the 13th day of April, 2006.

_____/s/_____
Stephen W. Riddell
Assistant United States Attorney