# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM J.R. EMBREY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 01-1040-CV-S-3-P-ECF |
| ) | Crim. No. 98-3095-01-CR-S-3 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER DENYING MOTION FOR POSTCONVICTION RELIEF
PURSUANT TO 28 U.S.C. § 2255

Pending is Movant's Motion for Postconviction Relief. The motion is denied.

I. BACKGROUND

In 1980, Movant was convicted of bank robbery and kidnaping. In 1994, a panel of the Eighth Circuit granted Movant postconviction relief, but the en banc Court vacated the panel's opinion and denied relief. In between the two decisions, Movant was released from custody. A warrant for his arrest was issued after the Supreme Court denied his Petition for Writ of Certiorari. In December 1998, Movant was found in an automobile containing firearms. Movant was arrested and eventually charged with being a felon in possession of a firearm. He pleaded guilty and was sentenced to 262 months imprisonment. His conviction was affirmed on direct appeal. United States v. Embrey, 250 F.3d 1181 (8th Cir. 2001).

The pending motion represents Movant's first application for postconviction relief. Additional facts surrounding his claims will be presented in the context of the legal discussion.

I. DISCUSSION

Ascertaining Movant's arguments is not an easy task. Movant tacks on the phrase "ineffective assistance of counsel" at virtually every turn, but the content of many of his claims have nothing to do with the assistance provided by his attorney. Keeping in mind that Movant is proceeding pro se, the Court has endeavored to liberally construe his claims. However, despite the use of this "magic phrase," not all of Movant's implicate counsel's conduct.

It may be that some of these arguments are not cognizable in that they should of have been raised on direct appeal. In most cases, however, it is easier to address the merits of the argument than it is to consider the potential procedural irregularities.

It should also be noted that in his plea agreement, Movant surrendered the right to challenge the effectiveness of his attorney. Such a waiver is enforceable except as to challenges asserting that the decision to enter the plea agreement was not knowing and voluntary because it resulted from ineffective assistance of counsel. DeRoo v. United States, 223 F.3d 919, 923-24 (8th Cir. 2000); see also Embrey, 250 F.3d at 1184 n.3. Some of Movant's allegations of counsel's ineffectiveness are barred by his waiver.

A. Acceptance of the Plea Agreement

In Issue One, Movant contends that his plea of guilty was accepted but his plea agreement was not. Therefore, his attorney should have attempted to withdraw the agreement prior to sentencing. Had this been done, Movant's waivers (including particularly his right to file a motion for postconviction relief) would not be enforceable.

The record belies Movant's factual contentions. Moreover, it was reasonable for counsel to not make the effort, particularly since doing so would have deprived Movant of the benefits of his bargain. Finally, any separate effort to withdraw the plea agreement would have failed for the same reasons the effort to withdraw the guilty plea failed.

2

### B. Inadequacies at the Rule 11 Hearing

Movant next contends that the record does not contain a factual basis for his plea because there was no indication that he was a felon. This contention is simply wrong. Movant entered a stipulation that established his prior felonies, and the same facts were recounted in the plea agreement. Similarly, the record belies Movant's contention he did not understand the Rule 11 proceedings, and the denial of Movant's attempt to withdraw his plea on this basis was rejected on direct appeal.

### C. Lack of Jurisdiction

Movant contends the Court lacked jurisdiction to accept his guilty plea because the record did not establish the elements of the crime. As with Movant's other arguments about the contents of the record, this contention is factually incorrect and only one argument merits further discussion. Movant contends that his possession of a firearm did not affect interstate commerce. However, the Eighth Circuit has held that the Commerce Clause is satisfied if the firearm traveled in interstate commerce, e.g., United States v. Stuckey, 255 F.3d 528, 530 (8th Cir. 2001), and there was a factual basis to support the finding that this occurred.

### D. Second Amendment

Movant contends his conviction violates the Second Amendment. It is "well-settled" that this argument is wrong. United States v. Waller, 218 F.3d 856, 857 (8th Cir. 2000), and this argument was rejected on direct appeal. Embrey, 250 F.3d at 1184.

### E. Perjury at the Plea Withdrawal Hearing

After Movant pleaded guilty, the Court granted Movant's request for appointment of a different attorney. Prior to sentencing, Movant attempted to withdraw his guilty

3

plea. A hearing was held, during which Movant's first attorney testified. Movant contends that the attorney committed perjury. The Court doubts this to be the case, but there is no need to conduct a hearing because even if the facts are as Movant contends, he would not have been able to demonstrate grounds for withdrawing his plea.

First, Movant complains that the attorney testified he spoke with Herbert Jensen, who reportedly said that he did not intend to testify and that he did not know anything about this case. Relying on Jensen's May 2, 2000 affidavit, Movant argues that his attorney did not talk to Jensen. However, Jensen's affidavit (in combination with his May 25, 1999 affidavit, confirms that: (1) Jensen called the attorney's office and reported that he did not want to honor the subpoena and (2) in November 1998 he saw Movant and Movant's brother in a vehicle that contained firearms. Nothing in the affidavit contains any information that would have exonerated Movant, and the fact that counsel reported talking to Jensen as opposed to merely having received a phone message from him is of little consequence.

Movant next complains that the attorney reported that Richard Varriano told him that Movant planned to rob some banks and leave the country. In his affidavit, Varriano denies this claim. However, even if Varriano did not make this claim, nothing that Varriano admits to saying would have been relevant to the proceeding. Moreover, the comments attributed to Varriano had little to do with the issues at the hearing.

Ultimately, even if one ignores the attorney's testimony completely, Movant would have failed to establish grounds for withdrawing his plea. He did not demonstrate a fair and just reason for withdrawing his plea, and (as noted in prior orders of the Court), under the circumstances of this case the Government would have been prejudiced by permitting the withdrawal. Therefore, Movant was not prejudiced by his first attorney's testimony.

### F. Denial of Effective Assistance of Counsel

Movant contends that the suppression hearing, the Rule 11 hearing, and the hearing on the Motion to Withdraw Guilty Plea were all unconstitutional because his first attorney provided information to the Government. The first appointed attorney had been replaced by the time of the hearing on the Motion to Withdraw Guilty Plea, but setting aside this inconsistency the Court concludes the claim is speculative at best and frivolous at worst. Movant's related claim that his attorney has been in collusion with the Assistant United States Attorney, Magistrate Judge England and the undersigned is also frivolous. Neither relief nor a hearing is required absent some indication that evidence exists; sheer speculation is insufficient. Cf. United States v. Craycraft, 167 F.3d 451, 455 (8th Cir. 1999).

### G. Conflict of Interest

Movant contends his attorney operated under a conflict of interest based on a series of complaints and allegations Movant raised about his ineffectiveness. This issue was raised on direct appeal and, as noted by the Court of Appeals, "Embrey stated under oath at the plea hearing that he had 'worked out' problems with his attorney and was satisfied with his representation." Embrey, 250 F.3d at 1184. This issue came up on the context of Movant's initial round of efforts to get a new attorney. Having denied any problems existed and effectively withdrawing his request for new counsel, Movant cannot succeed on this claim.

### H. Ineffective Assistance for Failure to Seek Withdrawal of Plea and Plea Agreement

Movant contends his attorney was ineffective for failing to seek withdrawal of his plea or the plea agreement. This claim is confusing because a motion to withdraw the plea was filed; it was overruled, and that decision was affirmed on appeal. To the extent

5

that Movant persists in differentiating his plea from the plea agreement, the Court observes that any effort to withdraw the plea agreement would have failed for the same reasons the effort to withdraw the plea failed.

### I. Judicial Participation in Plea Negotiations

Movant contends that Judge England violated Rule 11 by participating in plea negotiations. The transcript excerpts Movant cites do not establish that Judge England participated in plea negotiations. The excerpt describes Judge England's statements during the Rule 11 hearing and not statements made during plea negotiations between the parties.

### J. Ineffective Assistance in Failing to Raise Fourth Amendment Challenge

Movant's counsel filed a motion to suppress, contending the initial stop of Movant was unlawful. Movant contends his attorney provided ineffective assistance in failing to argue that the duration of the stop transformed it into an arrest for which probable cause was lacking. By pleading guilty, Movant waived the opportunity to raise Fourth Amendment challenges on direct appeal, and this claim has no bearing on whether Movant's plea agreement was knowingly and voluntarily entered. Accordingly, this claim is waived by virtue of the plea agreement and for that reason it is rejected.

### K. Ineffective Assistance in Witness Selection

Movant contends his attorney provided ineffective assistance during the hearing on the Motion to Withdraw Guilty Plea. Specifically, he contends counsel subpoenaed a witness without interviewing him and failed to call an expert on diabetes. One of the arguments Movant raised to justify withdrawing his plea was a contention that his medical problems – including diabetes – impaired his thinking at the Rule 11 proceedings. The

witness counsel allegedly failed to interview was the doctor at the jail where Movant was held pending sentencing. Assuming counsel did not interview the doctor, the Court discerns no prejudice; it would have been impossible for Movant to substantiate a claim based on his medical condition without *some* testimony from someone charged with his medical care. The decision to call him was a strategic decision that cannot be second guessed in this proceeding.

The Court rejects any argument premised on the failure to call an independent expert because Movant presents no basis for believing that an expert would have testified in the manner he wanted.

### III. CONCLUSION

For the foregoing reasons, Movant's request for relief under 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

DATE: March 5, 2002

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT