UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

WILLIAM J.R. EMBREY,

      Petitioner,

      vs.

GEORGE W. BUSH, et. al.,

      Respondents.

_____/

**C.A. No. 05-2022 (RCL)**

**PURSUANT TO 28 U.S.C. § 1651 and § 1361 PETITIONER MOVES THE COURT TO COMPEL THE RESPONDENTS TO PERFORM THEIR DUTY; AND PURSUANT TO 28 U.S.C. § 2201 (a) AND § 2202, PETITIONER MOVES THE COURT TO DECLARE HIS RIGHTS, AND TO DECLARE THE RESPONDENTS' RESPONSIBILITIES**

Petitioner William J.R. Embrey, a <u>pro</u> <u>se</u> prisoner, has been granted leave to proceed in forma pauperis in the instant case now before this Court, moves the Court to compel the Respondents to perform their duties, and also moves the Court to declare Petitioner's rights, and to declare the Respondents' responsibilities owed to Petitioner.

Title 28 U.S.C. § 1361 provides that; "the district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." <u>See</u> <u>also</u> <u>U.S. v. Denson</u>, 603 F.2d 1143, 1146 (5th Cir. 1979).

Title 28 U.S.C. § 2201 (a) states in part: "Any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, . . . "

i

RECEIVED

APR 1 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

As established below, no member of Congress, the President and the Attorney General for the United States , no federal prosecutor or federal judge, including the named Respondents, may disarm American Citizens or order their imprisonment solely and purely for possessing a legal firearm for legal purposes, unless under certain circumstances, in time of war or Actual Rebellion. However, by disobeying clear Constitutional and Supreme Court precendents, the federal government through its agents and officials, starting in 1968, commenced to disarm American Citizens, and required imprisonment, in some cases, up to life, for those who stood on their rights, and refused to disarm. Thus, Petitioner and thousands of other American Citizens have been imprisoned when the  Constitution and Supreme Court precedents clearly forbid such incarceration.

At this time, the named Respondents are responsible for holding Petitioner and thousands of other United States Citizens in prison when the Constitution and Supreme Court precedents clearly prohibit that incarceration.

THE SUPREME LAW OF THE LAND FORBIDS CONGRESS
TO USE THE COMMERCE CLAUSE TO DISARM UNITED
STATES CITIZENS:   THE CONSTITUTION AND SUPREME
COURT PRECEDENT FORBIDS CONGRESS TO DISARM
UNITED STATES CITIZENS:   CITIZENS ARE NOT
LEGALLY BOUND TO OBEY AN ACT OF CONGRESS THAT
IS INCONSISTANT WITH THE CONSTITUTION

The Congress of the United States has enacted a federal
law that created a "class of people" (thousands of them) within
"the people" of the United States, and demanded that every one
of these thousands in that "class" to disarm. See 18 U.S.C.
§ 922 (g) (1).  Congress denied each one of those thousands
of United States Citizens a due process hearing to determine
if that Citizen is actually a threat  to her/himself, or to
the community, or to the state or federal governments while
possessing a legal firearm.  The fact is, that the majority
of that "class" of Citizens are non-violent, and Citizens who
are an asset to their communities. And, some have never owned
or possessed a firearm.  However, Congress has demanded federal
imprisonment, up to life in some cases, for any person in that
"class" who keeps a firearm for family, home and self protections
and for hunting. And, for the protections of their state and
the United States and its Constitutions.

In enacting this federal law, Congress and the President
of the United States ignored clear Constitutional and Supreme
Court precedent which **forbid** them to enact this unlawful federal
law.

1

## THE FEDERAL GOVERNMENT IS CONFINED WITHIN THE CONSTITUTION OF THE UNITED STATES

The government of the United States was born of the Constitution, and all powers which it enjoys or may exercise must be either derived expressly or by implication from that instrument.  When an act of any department is challenged because it is not warranted by the Constitution, the existence of the authority is to be ascertained by determining whether the power has been conferred by the Constitution, either in express terms or by lawful implication. Every function of the government being thus derived from the Constitution, there is a limitation imposed on the authority, such restriction operates upon and confines every action on the subject within its constitutional limits. Dowens v. Bidwell, 182 U.S. 244, 289 (1901).

## GOVERNMENT OFFICIALS* PLEDGE TO THE CONSTITUTION

It is a great pledge given by every member of every department of the United States to support and defend the Constitution of the United States and its Amedments. Downes, 182 U.S. at 344; Article VI, Constitution of the United States.

Every Senator and Representative is bound, by Oath or Affirmation, to regard the Constitution as the supreme Law of the Land. Downes, 182 U.S. at 382; Article VI, Constitution of the United States.

## CONGRESS MUST PROTECT AND COMPLY WITH THE BILL RIGHTS

The principles of the Constitution are obligatory upon Congress, and Congress has a high duty to regard those great

2

principles enumerated in the Bill of Rights, the first ten

Amendments, of our Constitution. <u>Downes</u>, 182 U.S. at 296-299,

319-320, 381.

## COURTS SHOULD IGNORE ARGUMENTS OF LEGISLATORS

The arguments of individual legislators are no proper subject

for judicial comment. They are so often influenced by personal

or political considerations, or by the assumed necessities of

the situation, that they can hardly be considered even as the

deliberate views of the persons who make them, much less as

dictating the construction to be put upon the Constitution by

the courts. <u>U.S. v. Union P.R. Co.</u>, 91 U.S. 72, 79; <u>Downes</u>,

182 U.S. at 254.

## THE PROHIBITORY CLAUSES OF THE CONSTITUTION ARE MANY

The prohibitory clauses of the Constitution are many, and

no powers by Congress can be exercised which are prohibited

by the Constitution, or which are contrary to its spirit. <u>Downes</u>,

182 U.S. at 360, 381. <u>See</u> <u>also</u> the first ten Amendments and

Article I, § 8, of our Constitution.

## CONGRESS MUST ATTACH ITS LAWS TO A CLAUSE OF ARTICLE I, § 8, WHICH CLEARLY AUTHORIZES THAT LAW

The authority for the exercise of power by Congress of

the United States must be found in the Constitution. Whatever

it does in excess of the powers granted to it, or in violation

of the injunctions of the supreme law of the land, is a nullity,

3

and may be so treated by every person. <u>Robertson v. Baldwin</u>,
165 U.S. 275, 296 (1897). In this Country, the will of the
people, as expressed in the fundamental law, must be the will
of the courts and legislatures. No court is bound to enforce,
nor is any one legally bound to obey, an act of Congress that
is inconsistent with the Constitution. Id. 165 U.S. at 297.

No powers can be exercised by Congress which are prohibited
by the Constitution, or which are contrary to its spirit. These
limits in the express prohibitions on Congress forbids it to
do certain things; that in the exercise of the legislative
powers, Congress cannot pass an ex post facto law or bill of
attainder; and so in respect to each of the other prohibitions
contained in the Constitution such as the Bill of Rights, the
first ten Amendments. <u>See</u> <u>Downes</u>, 182 U.S. at 292, 295, 381.

### THE RIGHTS SET FORTH IN THE FIRST TEN AMENDMENTS ARE INHERITED FROM OUR ENGLISH ANCESTORS

It is perfectly well settled that the first ten Amendments
to the Constitution, commonly known as the "Bill of Rights,"
were not intended to lay down any novel principles of government,
by simply embodying certain guarantees and immunities which
we (the people) had inherited from our English ancestors. One
being the right of the people to keep and bear arms (Second
Amendment). <u>Robertson</u>, 165 U.S. at 281-282.

### THE FIRST TEN AMENDMENTS ARE POSITIVE PROHIBITIONS AGAINST THE FEDERAL GOVERNMENT AND ITS AGENTS

The Bill of Rights, the first ten Amendments to the

Constitution are not mere regulations, but are an absolute denial
of all authority under any circumstances or conditions to do
particular acts. In the nature of things, limitations of the
character cannot be under any circustances transceded, because
of the complete absence of power. These positive prohibitions
of the Constitution with-holds all powers from Congress on a
particular subject in the Bill of Rights. See Downes, 182 U.S.
at 295-296, 381.

There is a distinction between certain natural rights
enforced in the Constitution by prohibitions against interference
with them, and what may be termed artificial or remendial rights
which are peculiar to our own system of jurisprudence. Of the
former class are the rights enumerated in the Bill of Rights,
the first ten Amendments of our Constitution. See Downes, 182
U.S. at 282.

## CONGRESS MUST RESPECT PERSONAL RIGHTS

Congress, in legislating, is subject to its limitations
in favor of personal rights which are formulated in the Constitution
and its Amendments. Downes, 182 U.S. at 268.

## CONGRESS HAS NO POWER UNLESS CLEARLY
## AUTHORIZED BY THE CONSTITUION

It is settled that the Constitution of the United States
is the only source of power authorizing action by any branch
of the Federal government. "The government of the United States
was born of the Constitution, and all powers which it enjoys

or may exercise must either derive  expressly or by implication from that instrument." <u>Dorr v U.S.</u>, 195 U.S. 138, 140 (1904); <u>Downes</u>, 182 U.S. at 289

### CONGRESS MAY NOT DISARM CITIZENS OF THE UNITED STATES

>"A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed."

**Second Amendment to the Constitution of the United States.**

"The Second Amendment declares that it shall not be infringed; this means that it shall not be infringed by Congress. This is one of the Amendments that has no other effect then to restrict the power of the national government." <u>U.S. v. Cruikshank</u> , 92 U.S. 542, 553 (1875); <u>Presser v. Illinois</u>, 116 U.S. 252, 264-265 (1886) (same); <u>Maxwell v. Dow</u>, 176 U.S. 581, 597 (1900) (same); <u>Freson Rifle and Pistol Club, Inc. v. Van De Kamp</u>, 965 F.2d 723, 729-31 (9th Cir. 1992)(same); <u>Quilici v. Village of Morton Grove</u>, 695 F.2d 261, 296 (7th Cir. 1982), cert. denied, 464 U.S. 863 (1983)(same). <u>See also</u> <u>Miller v. Texas</u>, 153 U.S. 535, 538 (1894). "The Constitution provides, . . . that no 'person's' right to bear arms shall be infringed.'" <u>Ex parte Milligan</u>, 71 U.S. 2, 103-104 (1866). "The right of the people to keep and bear arms." <u>Robertson v. Baldwin</u>, 165 U.S. 275, 282 (1897).  "Congress cannot deny to the people the right to keep and bear arms." <u>Scott v. Sandford</u>, 60 U.S. 393, 450 (1856). "The Constitution gives the people the right to keep and carry arms where-ever they go." Id. 60 U.S. at 417.

"Congress shall never disarm any Citizen unless such as
are or have been in Actual Rebellion." **2 Documentary History
of the Constitution of the United States, 1787-1870 at 143 (1894);**
U.S. v. Emerson, 46 F.Supp. 2d 598, 606 (N.D. Tex. 1999); U.S.
v. Emerson, 270 F.3d 203, 229-233 (5th Cir. 2001), cert. denied,
122 S.Ct. 2362 (2002).

In order to limit the powers of the federal government,
the first ten Amendments were adopted. They were intended as
restraints and limitation upon the powers of the  federal
government. Maxwell, 176 U.S. at 586-587, 598; Spies v. Illinois,
123 U.S. 131, 166;Poe v. Ullman, 367 U.S. 497, 542-43 (1961);
City of Boerne v. Flores, 521 U.S. 507, 524 (1997); Robertson,
165 U.S. at 281-282; Downes, 182 U.S. at 295-296, 282. The Second
Amendment, the right to keep and bear arms, is included in the
first ten Amendments. U.S. v. Verdugo-Urquidez, 494 U.S. 259,
265 (1990).  The privileges and immunities enumerated in the
first ten Amendments belong to every Citizen of the United States.
Maxwell, 176 U.S. at 608.  The first eight Amendments are personal
rights safeguarded against national action, because a denial
of these rights would be a denial of due process of law. See
Malloy v. Hogan, 378 U.S. 1, 4-5, 22  (1964); Twining v. New
Jersey, 211 U.S. 78, 99.  The Second Amendment in the Bill of
Rights specifically guarantees the people the right to keep
and bear arms. Laird v. Tatum, 92 S.Ct. 2318, 2330 (1972);
Robertson , 165 U.S. at 282; Scott, 60 U.S. at 450; Milligan,

7

71 U.S. at 103-104. The first eight Amendments, including the
Second Amendment, are **personal rights** guaranteed by the Constitution
of the United States. See Duncan v. Louisiana, 391 U.S. 145,
166-167 (1968); Albright v. Oliver, 510 U.S. 266, 306 (1994);
Malloy, 378 U.S. at 4-5, 22; Twining, 211 U.S. at 99. See also
Maxwell, 176 U.S. at 608; Robertson, 165 U.S. at 281-282. Personal
rights are forumlated in the Constitution and its Amendments.
Dorr, 195 U.S. at 146; Maxwell, 176 U.S. at 586-589.

When the Constitution speaks of or refers to "the people,"
it means all the people of the United States. Downes, 182 U.S.
at 250, 377-378; McCulloch v. Maryland, 4 Wheat. 316, 403-406.
The words "the people," as used in the Constitution, including
the Second Amendment, refers to individual Americans. Emerson,
270 F.3d at 229; Verdugo-Urquidez, 494 U.S. at 265.  The phase
"bear arms" in the Second Amendment refers generally to the
carrying or wearing of arms. Emerson, 270 F.3d at 231; Muscarello
v. U.S., 524 U.S. 125, 143 (1998); Scott, 60 U.S. at 417.

The Second Amendment protects the right of individuals
to privately keep and bear their own firearms that are suitable
as individual, personal weapons. Emerson, 270 F.3d at 263. See
also Verdugo-Urquidez, 494 U.S. at 265; Duncan, 391 U.S. at
166-167; Maxwell, 176 U.S. at 608; Malloy, 378 U.S. at 4-5,
22; Robertson, 165 U.S. at 282.

It should be remembered the famous declaration of rights,
promulgated in 1780, in which Massachusetts declared, among

8

other things, that 'all men are born free and equal, and have
certain natural, essential, and unalienable rights, amoung which
may be reckoned the right of enjoying and defending their lives
and liberties; that of aquiring, possessing, and protecting
property; in fine, that of seeking and obtaining their safety
and happiness.' Robertson , 165 U.S. at 294.

### THE CONSTITUTION NEVER YIELDS AND NEVER LOSES ITS FORCE

"The Constitution itself never yields . . . it neither
changes with time nor does it in theory bend to the force of
circumstances . . .. It is a law for rulers and people, equally
in war and in peace, and covers with the shield of its protection
all classes of men, at all times and under all circumantances.'

Its principles cannot, therefore, be set aside in order to meet
the supposed necessities of great crises. 'No doctrine involving
more pernicious  consequences was ever invented by the wit of
man than that any of its provisions can be suspended during
any of the great exigencies of government." Downes, 182 U.S.
at 370, 381; Milligan, 71 U.S. at 121.

The Constitution is not to be obeyed or disobeyed as the
circumstances of a particular crisis may seem to warrant. The
People have decreed that it shall be the supreme law of the
land at all times. Congress or any department of the federal
government cannot violate the Constitution in order to serve
particular interests in our or in foreign lands. Even the district

and Supreme Courts must heed the mandates of the Constitution.
No one in official station, to whatever department of the government
she/he belongs, can disobey its commands without violating the
obligation of the Oath taken. Downes, 182 U.S. at 384-85.

### CONGRESS MISUSED THE COMMERCE CLAUSE TO USURP POWER TO UNLAWFULLY DISARM AND TO IMPRISON THOUSANDS OF UNITED STATES CITIZENS

As fully established above, Congress ignored its duty,
clear positive injunctions enumerated in the Constitution, and
clear Supreme Court precedent, and misused Article I, § 8, Clause
3 of the Constitution to usurp its power to unlawfully disarm,
and to imprison thousands of Citizens who, resting on their
clear Constitutional rights, refused to disarm.  The Law then
and now, is clear that power from Article I, § 8, Clause 3,
cannot be exerted except with due regard to other provision
of the Constitution. Robertson, 165 U.S. at 293; Downes, 182
U.S. at 281.  Particularly, those positive prohibitions enumerated
in the body of the first ten Amendments, and the fundamental
guarantees of life, liberty, and property. See Robertson, 165
U.S. at 218, 293-294, 297; Downes, 182 U.S. at 182-83.  While
Congress may enact regulations for the conduct of commerce among
the several states, and may perhaps, prescribe punishment for
the violation of such regulations, it may not, in so doing,
ignore other clauses of the Constitution. Robertson, 165 U.S.
at 293-94; Downes, 182 U.S. at 281, 292, 295. For instance,
a regulation of commerce cannot be sustained which, in disregard

10

of the expressed injunction of the Second Amendment, Congress shall not infringe upon the Second Amendment, Cruikshank, 92 U.S. at 551-553; Presser, 116 U.S. at 264-65; Maxwell, 176 U.S. at 597; Miller, 153 U.S. at 538. And, that no "person's' right to bear arms shall be infringed, Milligan, 71 U.S. at 103-104; Robertson, 165 U.S. at 282; Scott, 60 U.S. at 417, 450; Verduge-Urquidez, 494 U.S. at 265; Poe, 367 U.S. at 497, 54243; Laird , 92 S.Ct. at 2330; Duncan, 391 U.S. at 166-167.

The people of America possessed the "right" to keep and bear arms long before the Constitution of the United States. The right there specified is of "bearing arms for lawful purposes." This is not a right granted by the Constitution. Neither is it in any manner dependent upon that instrument for its existence. The Second Amendment declares that it shall not be infringed; but this, as has been seen, means no more than it shall not be infringed by Congress. Cruikshank, 92 U.S. at 551-553; See also Presser, 116 U.S. at 264-65; Maxwell, 176 U.S. at 597. Further, the Second Amendment's central purpose is to assure that the federal government may not disarm individual Citizens; and provide a right on the part of individuals to possess and use firearms in the defense of themselves and their homes. A right that directly limits action by Congress or by the Executive Branch. **American Constituional Law**, Vol. 1, n. 221 at 902 (3d ed. 2000); Emerson, 270 F.3f at 236, 268-69; Cruikshank, 92 U.S. at 551-553.

The Fifth Amendment and Article I, § 8, Clause 3 (the commere clause) guarantees every Citizen a substantial "right" to engage in interstate trade, such as purchasing food, house hold goods, clothings, automobiles and other legal merchandise, including firearms, all which had been shipped in interstate commerce. See Crutchen v. Kentucky, 141 U.S. 47, 57 (1891); Dennis v. Higgins, 498 U.S. 439, 448 (1991). See also U.S. v. Lopez, 131 L.Ed.2d 626, 654 (1995); Printz v. U.S., 521 U.S. 898, 937-939 (1997). And, the people of each State shall have free ingress and egress to and from any other State, and shall enjoy therein all the privileges of trade and commerce. Maxwell, 176 U.S. at 588.

All Citizens thus, have a right under the Second and fifth Amendments and the Commerce Clause, to engage in interstate trade, travel, and in purchasing all merchandise shipped legally in  interstate commcrce, including legal firearms for home and family and self protection, and for lawful purposes, free from discriminatory regulations such as § 922 (g) (1), which the Constitution clearly prohibits the Federal Governemnt (Congress) to create such a discriminatory regulation, to forbid Citizens to purchase a legal firearm for the protections of her/his home, family and self against home invaders, rapists, child-molesters, and muderers. Especially when it is well established that State and Federal Government police CANNOT provide even a minimal guarantee of protection here.  The federal regulation, § 922

(g) (1) directly infringes on that right. See e.g., <u>Boston Stock Exchange v. State Tax Comm'n</u>, 429 U.S. 318, 320 n. 3 (1977); <u>Dennis</u>, 498 U.S. at 448. Thus, the federal government's regulation here deprives United States Citizens of their right to defend and protect their homes, families, and self, a undeniable right protected by the Second and Fifth Amendments, and the Commerce Clause itself. See <u>Robertson</u>, 165 U.S. at 281-82; 292-94; **Amercian Constitutional Law**, Vol. 1, n. 221 at 902 (3d ed. 2000); <u>Emerson</u>, 270 F.3d at 268-69. And, a right which Congerss is forbidden to infringe. <u>Presser</u>, 116 U.S. at 264-65; <u>Maxwell</u>, 176 U.S. at 597; <u>Cruikshank</u>, 92 U.S. at 551-553.

For the above reasons and law, Congress was clearly forbidden to use Article 1, § 8, Clause 3 of the Constitution as its power to disarm and imprison certain Amercain Citizens who relied on their rights to refuse to obey an unlawful law, and thus, to disarm. See <u>Robertson</u>, 165 U.S. at 281-82, 292-97; <u>Downes</u>, 182 U.S. at 281-83, 292, 295, 381.

### STATES MAY DEPRIVE ITS "VIOLENT" CRIMINALS, LUNATICS AND INFANTS OF FIREARMS. HOWEVER, THE FEDERAL GOVERNMENT MAY NOT DEPRIVE ANY CITIZEN OF THE UNITED STATES OF FIREARMS

When the Constitution was created and became law, it did not apply to the States. The Fourteenth Amendment extended the first eight Amendments to the States. However, today there is some question whether the Secons Amendment applies to the States. See <u>Fresno Rifle and Pistol Club, Inc.</u>, 965 F.2d at 730-31. Therefore, showing that the Founders intended that

that the States (not the federal government), after a due process
hearing, may deprive its "violent" criminals, lunatics, and
infants of firearms.  The Supreme Court in Cruikshank, 92 U.S.
at 551-553; Presser, 116 U.S. at 264-65; Maxwell, 176 U.S. at
597, and Miller, 153 U.S. at 538, made clear, that the Second
Amendment only limited federal action. See also  Fresno Rifle
and Pistol Club, Inc., 965 F.2d at 731. Thus, our Forefathers,
the Founders of the Constitution and its Second Amendment, left
it to the States to deprive its "violent" criminals, lunatics,
and infants of firearms.

### U.S. v. MILLER, 307 U.S. 174 (1939) WOULD NOT STAND TODAY

The issue in Miller, involved Miller possessing a shotgun
which violated the government's law that prohibited Citizens
to own and possess a shotgun with a barrel less than 18 inches
in length without first registering it with the government and
paying for a permit.  In its decision the Miller Court said:
In the absence of any evidence tending to show that possession
or use of a shotgun having a barrel of less than eighteen inches
in length at this time has some reasonable relationship to the
preservation or efficiency of a well regulated militia, we cannot
say that the Second Amendment guarantees the right to keep and
bear such an instrument.  The Court also said, certainly . . .
this weapon is not any part of the ordinary military equipment
or could contribute to the common defense. Miller, 307 U.S. at 178.

14

In 1939, the United States military's common weapon was the 30-06 Springfield rifle and the .45 calber fully automatic Tommy-gun.  In the Vietnam war of the 1960's, because of the massive heavy foliage of the Vietnam jungle where one encountered the enemy at very close range, the cut-off or short-barrelled shotgun became the weapon often used. And, the same in the now Iraq war, at close range in buildings and houses there, the cut-off or short-barrelled shotgun is a weapon often used.

Today, the pistol, and the cut-off or short-barrelled shotgun are both very common military weapons.

The Miller Court said, absence of any evidence tending to show the possession or use of a "shortgun having a barrel less than 18 inches," "at this time" has some reasonable relationship to the preservation or efficiency of a well regulated militia, we cannot say that the Second Amendment guarantees the right to keep and bear such an intrument.  The Court relied on that the weapon at that time was not part of the ordinary military equipment or that its use could contribute to the common defense. Miller, 307 U.S. at 178. Thus, today, the Miller decision would have a different outcome.

And, further, today, experts on home, family and self protections recognize and recommends the cut-off or short-barrelled shotgun as the most dependable and best weapon for home, family and self protections.  Because this weapon is so perfect for defenses as set forth above, today, every police car is equipped with one.

15

Because this weapon is such a perfect weapon for defense
of one's home, family, and self,; and against tyrannical government
officials, naturally the government and its police (and criminals)
want to outlaw possession of such a weapon by the populance
of the United States.

History has proven that criminals and a tyrannical government
"always grows" and functions best with an unarmed and defenseless
populace.

For the above reasons, the <u>Miller</u> decision would not be
rendered today.

### THE COURT MUST PLACE ITSELF IN THE CONDITIONS OF THE MEN WHO FRAMED THE CONSTITUTION AND UNDER THOSE CONDITIONS SEEK OUT THEIR INTENT AND PURPOSE FOR THAT INSTRUMENT AND THE ISSUES PRESENTED IN THIS DOCUMENT

The issue before this Court is the Federal government's
law which, without a hearing for the Citizens, absolutely disarms
and forbids a "class" of Americans (thousands) to possess a
legal firearm for the purpose of defending their families, homes,
and theirselves; and that requires imprisonment, some up to
life, for any one in that "class" who stands on her/his rights,
and refuses to disarm.

The Constitution of the United States guarantees:

> "A well regulated militia, being necessary to the
> security of a free state, the right of the people
> to keep and bear arms, shall not be infringed."

Second Amendment, Constitution of the United States.

The Supreme Court of the United States held: "The Second

16

Amendment declares that it shall not be infringed; this means that it shall not be infringed by Congress. This is one of the Amendments that has no other effect than to restrict the power of the national government." <u>Cruikshank</u>, 92 U.S. at 551-553; <u>Presser</u>, 116 U.S. at 264-65; <u>Maxwell</u>, 176 U.S. at 597.   "The Constitution provides, . . . that no 'person's' right to bear arms shall be infringed." <u>Milligan</u>, 71 U.S. at 103-104; <u>Robertson</u>, 165 U.S. at 282; <u>Scott</u>, 60 U.S. at 417, 450.

The Supreme Court held: "It is never forgotten in the construction of the language of the Constitution . . . we are to place ourselves as nearly as possible in the  conditions of the men who framed the instrument." <u>Ex parte Baine</u>, 121 U.S. 1, 12 (1887). <u>See</u> <u>also</u> <u>Cohens v. Virginia</u>, 19 U.S. 264, 418 (1821).  "The Constitution is a written instrument. As such its meaning does not change. That which it ment when adopted it means now." <u>South Carolina v. U.S.</u>, 199 U.S. 437, 448 (1905). "The Amendments should be read in 'a sense most obuious to the common understanding at the time of its adoption.' For it was for public adoption that it was proposed.'" <u>Eisner v. Macomber</u>, 252 U.S. 189, 220 (1920). <u>See</u> <u>also</u> **Report No. 21, Senate Judiciary Committee, 42d Cong., 2d Sess. 2 (25 Jan. 1872).**

Therefore, this Court must place itself in as nearly as possible the same conditions  as the Framers of the Constitution and its Amendments, and seek out those Founders' true intent and purpose for the Constitution and Amendments involved here.

**ALL ABLE-BODIED MALE CITIZEN OF THE UNITED STATES
ARE PART OF EITHER THE ORGANIZED OR THE UNORGANIZED
MILITIA, AND THUS MUST BE ARMED WITH PERSONAL WEAPONS**

"Who are the Militia? They consist of the whole people
. . ." **Statement of George Mason, June 14, 1788.** See also The
Militia Act of 1792, enacted May 8, 1792, and Title 10 U.S.C.
§ 311 (a) and (b) (2) (2006). **James Madison** said, of the Militia
as defending the people against federal tyranny. **James Madison
Federalist 46.**

The Militia comprised of all males physically capable of
acting in concert for the common defense. U.S. v. Miller, 307
U.S. 174, 179-81 (1939). See also 10 U.S.C. § 311 (a)(the militia
of the United States consists of all able-bodied males at least
17 years of age). And § 311 (b) (2)(the unorgainzed militia,
which consists of the members of the militia who are not members
of the national guard or naval militia). See Title 10 U.S.C.
§ 311 (a) and (b) (2) (2006).

Therefore, all able-bodied male citizens are required to
be armed with their own weapons. See Miller, 307 U.S. at 179-
181.

**James Madison in Federalist 46** spoke of the Militia as
defending the people against federal tyranny. As history has
proven, criminals and government tyranny grows and functions
well in an unarmed populace. Thus, the Second Amendment and
the peoples' right to keep and bear arms shall not be infringed
by the federal government or its Congress. See Cruikshank, 92
U.S. at 551-553.

18

## ALL CITIZENS OF THE UNITED STATES MAY DISREGARD
## ALL UNLAWFUL ACTS OF CONGRESS

As established above, Congress usurped its power when it created and passed its law that disarmed certain American Citizens. A law that required imprisonment, up to life in some cases, for any person in that "class" who stood on their rights, and refused to obey that federal law.

The Law of the Land is very clear. Every Citizen has a right to treat unlawful acts of Congress as a nullity, because she/he is not legally bound to obey that act. See Robertson, 165 U.S. at 296-297. See also Downes, 182 U.S. at 292, 295, 381. Further, to punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort. Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978); North Carolina v. Pearce, 395 U.S. 711, 738.

The Law of the Land is clear that Congress cannot disarm, or imprison American Citizens who stand on their right to possess a legal firearm for home, family and self protections. Thus, the federal government and its agents are punishing Petitioner and thousands of American Citizens because they have done what the "law" of the land plainly allows them to do.

## THE DISTRICT AND CIRCUIT COURTS ARE OBLIGATED
## TO ADHERE TO SUPREME COURT PRECEDENTS

As fully established above, Congress usurped power it was forbidden to use, and in violation of the Second and Fifth Amendments and Article I, § 8, Clause 3, unlawfully passed a

19

law that disarmed thousands of Citizens, and further imprisoned
thousands of American Citizens who, relying on their rights,
refused to disarm.

   Courts have a duty to preserve and protect the Bill of
Rights. In this Case, the Second and Fifth Amendments. See
Galloway v. U.S., 319 U.S. 372, 407 (1943). The courts of the
United States have no higher duty than to exert its full authority
to prevent all violations of the principles of the Constitution.
Downes, 182 U.S. at 382; Marbury v. Madson, 5 U.S. 137, 174,
176-77, 180 (1803); Cooper v. Aaron, 358 U.S. 1, 18 (1958).

   Regardless of whether this Court agrees or not with the
above cited  Supreme Court precedents and their analysis of
and the interpertation of the Second Amendment, they are the
Law of the Land, and this Court is bound by them. See Quilici,
695 F.2d at 270; Early v. Packer, 547 U.S. 3, 10-11 (2002);
U.S. v. Dabeit, 231 F.3d 797, 984 (5th Cir. 2000); Marbury,
5 U.S. at 180; Cooper, 358 U.S. at 18.

   Therefore, this Court must adhere to the above cited Supreme
Court precedents, and Constituional commands.

**For the above reasons and Constitutional and Supreme Court precedents, Petitioner request the Court to:**

1.  Issue an order compelling the Respondents to release Petitioner from his unlawful confinement;

2. Issue an order compelling George W. Bush and Alberto Gonzales and his attorneys and prosecutors to immediately refrain from imprisoning American Citizens purely for possession of a legal firearm for legal purposes;

3. Declare that Petitioner's imprisonment is unconstitutional;

4.  Declare that the above cited Constitutional and Supreme Court precedents prohibited Congress to enact laws disarming American Citizens;

5. Declare that the above cited Constitutional and Supreme Court precedents forbid Congress and all federal government agents and officials to imprison American Citizens purely and solely because that Citizen possessed a legal firearm for legal purposes, such as home, family and self protections, and for hunting.

<u>Dated</u>  April 6, 2006

                        Respectfully submitted,


                        William J.R. Embrey
                        Pro se Petitioner
                        #87263-132
                        P.O. Box 1000
                        Oxford, WI 53952

                <u>CERTIFICATE OF SERVICE</u>

    I certify and state that a true and correct copy of the

foregoing was served upon the following by United States Mail, postage prepaid, addressed as follows:

George W. Bush
President of the United States
1600 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

Alberto Gonzales
Attorney General for the United States
United States Justice Department
Tenth St. & Constitution Avenue, N.W.
Washington, D.C. 20530

Congress of the United States
The Honorable John McCain
241 Russell Senate Office Building
Washington, D.C. 20510

Harley G. Lappin, Director, BOP
320 First Street, N.W.
Waashington, D.C. 20534

Solicitor General of the United States
Room 5614
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

William J.R. Embrey
Pro se Petitioner
#87263-132
P.O. Box 1000
Oxford, WI 53952

22