IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

WASHINGTON, D. C.

WILLIAM J.R. EMBREY,

      Petitioner,

    vs.                                       Civil Action No. 05-2022 (RCL)

GEORGE BUSH, PRESIDENT OF THE
UNITED STATES:

CONGRESS OF THE UNITED STATES:

ALBERTO GONZALES, ATTORNEY
GENERAL FOR THE UNITED STATES:

HARLEY G. LAPPIN, DIRECTOR,
UNITED STATES BUREAU OF PRISONS,

      Respondents.
_____/

**PURSUANT TO 28 U.S.C. § 2201 AND RULE 57, FED.
R.CIV.P., PETITIONER MOVES THE COURT TO ISSUE
A DECLARATORY JUDGMENT DECLARING THE RIGHTS
OF PETITIONER AS WELL AS ALL AMERICAN CITIZENS**

COMES NOW Petitioner William J.R. Embrey, a pro se prisoner, based upon his petition/complaint and other motion filed with this Court and the below claims, pursuant to 28 U.S.C. § 2201 and Rule 57, Fed.R.Civ.P., Petitioner moves the Court for a declaration judgment declaring his rights and the rights of all American Citizens.

The fact that another remedy would be equally effective affords no grounds for declining declaratory relief. See Rule 57, Fed.R.Civ.P., Advisory Committee Notes, Federal Civil Judicial Procedure and Rules (2002) Revised Edition. And, Petitioner need not show irreparable harm or inadequate remedies at law to get a declaratory judgment. See Rule 57, Fed.R.Civ.P.,

RECEIVED
MAY 1 2 2006
NANCY MAYER WHITTINGTON, CLERK
U S DISTRICT COURT

1

Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241 (1937); Diaz v. Stathis, 576 F.2d 9, 11 (1st Cir. 1978).

### THE COURT'S DUTY TO THE CONSTITUTION AND CITIZENS OF THE UNITED STATES REQUIRE A DECLARATORY JUDGMENT IN THIS CASE

Since 1968, the federal government through its Congress, has unlawfully used Article I, § 8, Clause 3 (the commerce clause) of the United States Constitution to illegally imprison thousands of American Citizens, including Petitioner, for doing nothing more than possess a legal firearm, **intrastate.**

The Constitutional question here is whether the federal government can demand, by force and punishment, and even death, that American Citizens obey its laws which are patently illegal, unlawful; and/or clearly not authorized by Article I, § 8 of our Constitution; and/or which are forbidden by Article I, § 8, and the first ten Amendments; and/or which said laws were not made in **pursuance** of said Constitution and its Amendments as required by Article VI, Clause 2 of that Constitution.

### EACH AMERICAN CITIZEN HAS A "RIGHT" TO KEEP A LEGAL FIREARM IN THEIR HOME

Chief Justice Taney in Scott v. Sandford, determined that United States citizenship entitled all citizens a right to hold public meetings upon political affairs, and to keep and carry arms wherever they went. 60 U.S. 393, 416-417 (1857). Chief Justice Taney further declared that Congress (the federal government), could not infringe upon the rights of citizens, or her/his rights of property, privileges and immunities; and Judge Taney held that Congress could not deny these citizens

2

their right to keep and bear arms. Scott, 60 U.S. at 416-417, 449 451.  Judge Taney explicitly decribed the Bill of Rights as "rights and privileges of the citizen."  Judge Taney referred to "liberty of speech," the right "to hold public meetings upon political affairs," and the freedom to "keep and carry arms" as core "privileges and immunities of citizens," Scott, 60 U.S. at 416-417, 449-451; See also **America's Constitution A Biography by Akhil Reed Amar, page 386-388 (2005).**

Chief Justice Taney's decision here seems to be that it was inconceivable that the Framers could not have genuinely imagined that American citizens did not have the personal right to keep and bear arms. See Scott, 60 U.S. at 416-417, 449-451; **Sanford Levinson, the Embarrassing Second Amendment, 99 YALE L. J. 637, 651;** Bach v. Pataki, 408 F.3d 75, 90-91 (2nd Cir. 2005).

Mr. Justice Brown in Robertson v. Balwin, dealing with the "Bill of Rights," the personal liberty of individuals, and privileges and immunities of Citizens, determined that Citizens had a right to freedom of speech and of the press, and had a right to keep and bear arms. 165 U.S. 275, 281-282 (1897).

The individual right to keep a gun in one's home was exemplified by a key Congressional Civil Rights enactment in 1866, which declared that "laws . . . concerning personal liberty [and] personal security, . . . including the **constitutional right to bear arms,** shall be securred to and enjoyed by all the citizens," Act of July 16, 1866, 14 Stat. 173, 176 (emphasis added). See also **America's Constitution a Biography by Akhil Reed Amar page 390-391 (2005).**

3

**PRIOR TO THE CONSTITUTION OF THE UNITED STATES EACH AMERICAN HAD AN UNDENIABLE RIGHT TO KEEP AND BEAR ARMS U.S. v. CRUIKSHANK, 92 U.S. 542, 551-553 (1875), AND THE SECOND AMENDMENT FORBIDS CONGRESS TO INFRINGE UPON THAT RIGHT**

The Constitution of the United States declares: "A well regulated Militia being necessary to the security of a free state, the right of the people to keep and bear Arms, shall not be ingringed." **Second Amendment, Constitution of the United States.** The Supreme Court of the United States has held" "The Second Amendment declares that it shall not be infringed, but this means no more than that it shall not be infringed by Congress. This is one of the Amendments that has no other effect than to restrict the powers of the National government . . . ." U.S. v. Cruikshank, 92 U.S. 542, 551-553 (1875); Presser v. Illinois, 116 U.S. 252, 264-265 (1886) (same); Miller v. Texas, 153 U.S. 535, 538 (1894) (same); Maxwell v. Dow, 176 U.S. 581, 597 (1900) (same); Deprivation of Civil Rights, 20 L.Ed.2d 1454, 1464 (1964) (same). See also Quilici v. Village of Morton Grove, 695 F.2d 261, 269 (7th Cir. 1982), cert. denied, 464 U.S. 863 (1983) (same); Freson Rifle and Pistol Club, Inc. v. Van De Kamp, 965 F.2d 723, 729-731 (9th Cir. 1992) (same). The right to bear Arms for lawful purposes was held in Cruikshank, 92 U.S. at 553, Deprivation of Civil Rights, 20 L.Ed.2d at 1464.

"Congress shall never disarm any Citizen unless such as are or have been in Actual Rebellion." **Documentary History of the Constitution of the United States, 1787-1870 at 143 (1894);** U.S. v. Emerson, 270 F.3d 203, 929-233 (5th Cir. 2001), cert.

denied, 122 S.Ct. 2362 (2002). "Congress cannot deny to the people the right to keep and bear Arms." Scott v. Sandford, 60 U.S. 393, 450 (1856). "The Constitution give the people the right to keep and carry Arms where-ever they go." Id. 60 U.S. at 417. "The Constitution provides, . . . that no 'person's' right to bear Arms shall be infringed.'" Ex parte Milligan, 71 U.S. 2, 103-104 (1866). "The right of the people to keep and bear Arms." Robertson v. Baldwin, 165 U.S. 275, 282 (1897); Poe v. Ullman, 367 U.S. 497, 542-543 (1961) (same); Duncan v. Louisiana, 391 U.S. 145, 166-170 (1968) (same); Moore v. East Cleveland, 431 U.S. 494, 502 (1977) (same); Planned Parenthood v. Casey, 505 U.S. 833, 848 (1992) (same). "The Second Amendment protects 'the right of the people to keep and bear Arms . . .'" U.S. v. Verdugo-Urquidez, 494 U.S. 259, 265 (1990).

In order to limit the powers of the federal government, the first ten Amendments (including the Second Amendment) were adpoted. They were intended as restraints and limitations upon the powers of the federal government. Maxwell, 176 U.S. at 586-587, 598; Cruiksank, 92 U.S. at 551-553; Robertson, 165 U.S. at 281-282; Poe, 367 U.S. at 542-43; Downes v. Bidwell, 182 U.S. 244, 282, 283 (1901); Malloy v. Hogan, 378 U.S. 1, 4-5, 22 (1964). The first eight Amendments (encluding the Second Amendment) sets forth self-executing prohibitions on governmental action, and the Supreme Court has primary authority to interpret those prohibitions. City of Boerne v. Flores, 521 U.S. 507, 524 (1997).

The first eight Amendmdnts (including the Second Amendment) are personal and individuael rights belonging to each American. See Malloy, 378 U.S. at 4-5, 22; Duncan, 391 U.S. at 166-170; Planned Parenthood, 505 U.S. at 847-848; Moore, 431 U.S. at 501-502; Poe, 367 U.S. at 541-543; Albright v. Oliver, 501 U.S. 266, 306 (1994); Dorr v. U.S., 195 U.S. 138, 146 (1904). See also, Emerson, 270 F.3d at 263. The Second Amendment in the Bill of Rights specifically guarantees the people the right to keep and bear Arms. Laind v. Tatum, 92 S.Ct. 2318, 2330 (1972). See also Scott, 60 U.S. at 417, 450; Milligan, 71 U.S. at 103-104; Robertson, 165 U.S. at 282; Verdugo-Urquidez, 494 U.S. at 265.

The privileges and immunities enumerated in the first ten Amendments (including the Second Amendment) belong to every Citizen of the United States. Maxwell, 176 U.S. at 608; Smith v. U.S., 423 U.S. 1303, 1307 (1975). And, these rights may not be denied simply because of hostility to their assertion or exercise. Cox v. louisiana, 397 U.S. 536, 551 (1965). And, in legislating, Congress is subject to its limitations in favor of personal rights which are formulated in the Constitution and its Amendments. Downes, 182 U.S. at 268. See also Robertson, 165 at 181-182, 293.

It is a violation of the Due Process Clause of the Constitution any time the federal government deprives/prohibits *any* Citizen of the United States of or to keep and bear a legal firearm for the legal purpose of protecting her/his home, family and

self; or for hunting. See Malloy, 378 U.S. at 4-5, 22; Twining v. New Jersey, 211 U.S. 78, 99; Duncan, 391 U.S. at 166-170; Poe, 367 U.S. at 541-543; Moore, 431 U.S. at 501-502; Planned Parenthood, 505 U.S. at 847-848.

### THE BILL OF RIGHTS (INCLUDING THE SECOND AMENDMENT) FORBIDS CONGRESS TO USE THE COMMERCE CLAUSE AS ITS AUTHORITY TO DEPRIVE AMERICANS OF FIREARMS

The Second Amendment and the Due Process Clause of our Constitution forbids Congress to use Article I, § 8, Clause 3 (to regulate commerce . . . among the several States) of our Constitution, to prohibit any American Citizen to keep and bear a legal firearm. See Robertson, 165 U.S. at 293; Dorr, 195 U.S. at 142; Downes, 182 U.S. at 281. See also Cruikshank, 92 U.S. at 551-553; Presser, 116 U.S. at 264-265. While Congress may enact regulations for the conduct of commerce among the several States, and may prehaps, prescribe punishment for the violation of such regulation, it may not, in so doing, ingore other clauses of the Constitution. Robertson, 165 U.S. at 293-94. See also Downes, 182 U.S. at 281-282, 292, 295. The commerce power cannot be exerted except with due regard to other provision of the Constitution, Robertson, 165 U.S. at 293, particularly those embodying the fundamental guarantees of life, liberty, and property. Id. 165 U.S. at 293. See also Maxwell, 176 U.S. at 588. The expressed injunctions of the first eight Amendments restrains Congress' use of the Commerce clause. Robertson, 165 U.S. at 293. The Second Amendment prohibits Congress to infringe upon the rights of the people to keep and bear Arms. Scott,

60 U.S. at 417, 450; Milligan, 71 U.S. at 103-104; Robertson, 165 U.S. at 282; Verdugo-Urquidez, 494 U.S. at 265; Cruikshank, 92 U.S. at 551-553; Presser, 116 U.S. at 264-265. See also Maxwell, 176 U.S. at 588; Crutchen v. Kentucky, 141 U.S. 47, 57 (1891).

### LAWS OF CONGRESS MUST ME MADE IN PURSUANCE OF THE CONSTITUION

Congress may not pass laws unless it acts pursuant to an expressed grant of power or authority in Article I of the Constitution. U.S. v. Morgan, 230 F.3d 1067, 1073 (8th Cir. 2000). See also **Article VI, Clauses 2 and 3, Constitution of the United States.** Because the Second Amendment prohibits Congress to use the commerce clause to enact 18 U.S.C. § 922 (g)(1), Congress cannot properly link § 922 (g)(1) to any grant of congressional power in the Constitution. Hence, Congress exceeded its proper authority in enacting § 922 (g)(1); thus, the law is unconstitutional, and void **ab initio.** See Morgan, 230 F.3d at 1073. See also **Article VI, Clauses 2 and 3, Constitution of the United States.**

### PETITIONER HAD A RIGHT NOT TO BE HALED INTO COURT

Petitioner's right was "the right not to be haled into court at all upon the possession of a firearm charge. The very initiation of the proceedings against him . . . thus, operated to deny him due process of law." See U.S. v. Broce, 488 U.S. 563, 575 (1989). "Where the government is precluded by the United States Constitution from haling a defendant into court on a

8

charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." Id. 488 U.S. at 575. See also Menna v. New York, 423 U.S. 61, 62-63 (1975).

### 18 U.S.C. § 922 (g) (1) IS VOID AB INITIO

There is no plainer error than to allow a conviction to stand under a statute which Congress was without power to enact. In essence, the statute was void **ab initio**, and consequently, the district court lacked subject matter jurisdiction with respect to that charge. U.S. v. Walker, 59 F.3d 1196, 1198 (11th Cir.), cert. denied, 116 S.Ct. 547 (1995).

It offends our systen of ordered liberty to permit a prisoner to remain incarcerated when the statute under which he was convicted exceeded Congress' lawmaking power to enact. Morgan, 230 F.3d at 1072. See also Brodenkircher v. Hays, 434 U.S. 357, 363 (1978).

### THE CONSTITUTION PROHIBITED PETITIONER'S INDICTMENT

As established above, the act upon which the indictment against Petitioner is founded, is in conflict with the Constituion, and therefore, the act and indictment are void. See Bliss v. Commonwealth, 12 Littell 90 (KY 1822).

### THIS COURT HAS A DUTY TO PRESERVE AND PROTECT THE SECOND AMENDMENT

Courts have a duty to preserve and protect the Bill of Rights. Galloway v. U.S., 319 U.S. 372, 407 (1943). The courts

9

of the United States have no higher duty than to exert its full authority to prevent all violations of the principles of the Constitution. Downes, 182 U.S. at 382; Marbury v. Madison, 5 U.S. 137, 174, 176-77, 180 (1803); Cooper v. Aaron, 358 U.S. 1, 18 (1958).

### THIS COURT MUST OBEY THE ABOVE CITED SUPREME COURT PRECEDENTS AS THE LAW OF THE LAND

Regardless of whether this Court agrees with the above cited Supreme Court precedents and the Supreme Court's analysis and interpretations of the Second Amendment, they are the Law of the Land, and this Court is bound by them. See Quilici, 695 F.2d at 270; Early v. Packer, 547 U.S. 3, 10-11 (2002); U.S. v. Debeit, 231 F.3d 797, 984 (5th Cir. 2000); Marbury, 5 U.S. at 180; Cooper, 358 U.S. at 18.

## CONGRESS IS FORBIDDEN TO EXERT THE COMMERCE CLAUSE AS ITS POWER TO DISARM AMERICAN CITIZENS, AND TO IMPRISON THOSE CITIZENS WHO DISOBEY THAT GOVERNMENT LAW

It is the Federal government's claim that because a legal firearm lawfully crossed a state line perhaps 50 to 100 years ago, the Commerce Clause now grants it power to prohibit American Citizens such as Appellant, to possess that legal firearm for home, family, and self protections, and for lawful hunting, and other legal purposes. And, further, to imprison him, or any other American Citizen who disobeys that government law.

The Constitution of the United States does not contemplate that federal regulatory power should tag along after goods shipped in interstate like a hungry dog. See U.S. v. Morgan, 230 F.3d 1067, 1074 (8th Cir. 2000). See also Printz v. U.S., 521 U.S. 898, 937-939 (1997); U.S. v. Lopez, 131 L.Ed.2d 626, 654 (1995).

Article I, of our Constitution contains numerous explicit limited grants of power to Congress. But, none of these limited powers remotely concerns federal criminal penalties for Amercian Citizens who do nothing more than possess an item that is per se legal, that has lawfully been shipped interstate, received at its destination by the lawful recipient, company, or store; and thereafter, sold, intrastate, to a party who, perhaps 50 years later, sells that item, intrastate, to a neighbor, with all transactions of said item being lawful. See e.g. Morgan, 230 F.3d at 1074; Printz, 521 U.S. at 937-939; Lopez, 131 L.Ed.2d at 654. It would appear that the federal government's dominion,

jurisdiction, and/or authority, over that item terminated once it had been legally received by the lawful recipient, company or store. See Morgan, 230 F.3d at 1074; Printz, 521 U.S. at 937-939; Lopez, 131 L.Ed.2d at 654.

### AMERICAN CITIZENS' RIGHTS LIMITS THE COMMERCE CLAUSE

Amercain Citizens' undeniable rights, the first ten Amendments, and other provisions of the Constitution limits Congress' Commerce Clause powers. See Robertson v. Balwin, 165 U.S. 275, 293-94 (1897). See also Downes v. Bidwell, 182 U.S. 244, 281, 292, 295 (1901); Morgan, 230 F.3d at 1074.

Congress may enact regulations for the conduct of commerce among the several States, and may perhaps, proscribe punishment for the violation of such regulation. But, it may not, in so doing, ignore other clauses of the Constitution. Robertson, 165 U.S. at 293-94. See also Downes, 182 U.S. at 281, 292, 295. Congress cannot exert power under the Commerce Clause except with due regard to other provision of the Constitution. Robertson, 165 U.S. at 293. See also Downes, 182 U.S. at 218. Particularly, those positive prohibitions enumerated in the body of the first ten Amendments, and the fundamental guarantees of life, liberty, and property. Robertson, 165 U.S. at 281-82, 293, 294; Downes, 182 U.S. at 269, 281-83, 295. For instance a regulation by Congress under the Commerce Clause cannot be sustained when it is in disreguard of the expressed injunctions of the Constitution and/or Supreme Court precedents. Robertson, 165 U.S. at 281, 293-94, 297. See also Downes, 182 U.S. at 281-283, 292, 294-95.

In this instant case, these injunctions are, but not limited

to, "Congress cannot deny to the people the right to keep and bear Arms." Scott v. Sandford, 60 U.S. 393, 450 (1856). In Bach v. Pataki, 408 F.3d 75 (2nd Cir. 2005), the Bach Court interpreted Chief Justice Taney's decision in Scott v. Sandford, 60 U.S. 393 (1857), concerning citizens' rights "to keep and carry Arms wherever they went,"(60 U.S. at 417), to mean a "right" of the citizen and citizenship of Americans. 408 F.3d at 90-91.

"The Constitution provides, . . . that no 'person's' right to keep and bear Arms shall be infringed." Ex parte Milligan, 71 U.S. 2, 103-104 (1866). "The right of the people to keep and bear Arms." Robertson, 165 U.S. at 282. "Congress shall never disarm any Citizen unless such as are or have been in Actual Rebellion." **2 Documentary History of the Constitution of the United States, 1787-1870 at 143 (1894);** U.S. v. Emerson, 270 F.3d 203, 229-233 (5th Cir. 2001), cert. denied, 122 S.Ct. 2362 (2002). "The Second Amendment in the Bill of Rights specifically guarantees the people the right to keep and bear Arms." Laird v. Tatum, 92 C.St. 2318, 2330 (1972). See also Bach, 408 F.3d at 90-91; Scott, 60 U.S. at 417, 450; Robertson, 165 U.S. at 282; Milligan, 71 U.S. at 103-104. The right to keep and bear Arms of the Second Amendment, are **personal rights** guaranteed by the Constitution. Duncan v. Louisiana, 319 U.S. 145, 166-167 (1968); Albright v. Oliver, 510 U.S. 266, 306 (1994); Malloy v. Hogan, 378 U.S. 1, 4-5, 22 (1964); Emerson, 270 F.3d at 263; Bach, 408 F.3d at 90-91; Robertson, 165 U.S. at 281-282.

"The Second Amendment declares that it shall not be infringed; this means that it shall not be infringed by Congress. this is one of the Amendments that has no other effect than to resrtict the power of the National government . . .." U.S. v. Cruikshank, 92 U.S. 542, 551-553 (1875); Presser v. Illinois, 116 U.S. 252, 264-265 (1886); Maxwell v. Dow, 176 U.S. 581, 597 (1900); Miller v. Texas, 153 U.S. 535, 538 (1894). The Second Amendment's "right to keep and bear Arms" imposes a limitation on . . . federal . . . legislative efforts. Bach, 408 F.3d at 84. "the only function of the Second Amendment [is] to prevent the federal government . . . from infringing that right." Cases v. U.S., 131 F.2d 916, 921 (1st Cir. 1942).

**CITIZENS HAVE A RIGHT TO ENGAGE IN INTERSTATE COMMERCE**

The Fifth Amendment, and Article I, § 8, Clause 3 (the Commerce Clause) guarantees every citizen of the United States a substainal "right" to engage in interstate trade, such as purchasing food, house hold goods, clothing, oil, gas, cars, and all other lawful merchandise, including firearms, all which have been legally shipped in interstate commerce. See Crutcher v. Kentucky, 141 U.S. 47, 57 (1891); Dennis v. Higgins, 498 U.S. 439, 448 (1991). See also Lopez, 131 L.Ed.2d at 654; Printz, 521 U.S. at 937-939. And, the people of each State shall have free ingress and egress to and from any other States, and shall enjoy therein all the privileges of trade and commerce. Maxwell, 176 U.S. at 588.

Long before the Constitution of the United States, the American people (We the People) had many unalienable and natural rights we had inherited from our English ancestors. See Robertson, 165 U.S. at 281-282; Cruikshank, 92 U.S. at 551-554; Downes, 182 U.S. at 282-283. These rights are, but not limited to; Freedom of religious opinions, freedom of speech, and of the press, free access to the courts, **"the right to bear arms for a lawful purpose"** (Cruikshank, 92 U.S. at 553), **"the right of the people to keep and bear arms"** (Robertson, 165 U.S. at 282), due process of law, to be free from unreasonable searches and seizures, and many other rights. See, Cruikshank, 92 U.S. at 551-554; Robertson, 165 U.S. at 281-282; Downes, 182 U.S. at 282-283. The Declaration of Independence and the Constitution of the United States and its first ten Amendments were intended to prohibit the National government to interfer with these natural and undeniable rights of the American people. Downes, 182 U.S. at 282-283, 288-289, 292, 294-96; Robertson , 165 U.S. at 281-282, 293, 294; Cruikshank, 92 U.S. at 551-54. Therefore, Congress, in legislating . . ., would be subject to those fundamental limitations in favor of personal rights which are formulated in the Constitution and its Amendments . . .. Downes, 182 U.S. at 269, 281-82, 288-89, 292, 294-95; Robertson, 165 U.S. at 293, 294, 296-97. No power can be exercised which are prohibited by the Constitution, or which are contrary to its spirit. Downes, 182 U.S. at 292, 295. What Congress does in excess of powers granted it, or in violation of the injunctions of the supreme law of the land, is a nullity, and may be so treated by every person. Robertson, 165 U.S. at 296. See also Article VI, Clauses 2 & 3.

For these above reasons and law, Congress is forbidden to exert the Commerce Clause as its power to disarm, and/or to imprison American Citizens for doing nothing more than possess an item that is per se lawful (a firearm) that perhaps 50 years ago was shipped across a state line, and now possessed for legal purposes. See Robertson, 165 U.S. at 281-82, 293; Downes, 182 U.S. at 269, 281-83, 295, 296-97. Morgan, 230 F.3d at 1073-74. Therefore, Congress lacked the power under the Commerce Clause to enact 18 U.S.C. § 922(g)(1). Judicial efferts to render § 922(g)(1) palatable cannot alter the Constitutional and Supreme Court precedents limitations on federal legislative power. No amount of creative drafting permits the judiciary to perserve a statute that Congress plainly lacked the power to create. Congress may not pass laws unless it acts pursuant to Article VI, and an expressed grant of power in Article I of the Constitution. Morgan, 230 F.3d at 1073; McCulloch v. State, 17 U.S. 316, 416-417 (1819); Cohens v. Virginia, 19 U.S. 264, 426, 428 (1821); Marbury v. Madison, 5 U.S. 137, 176, 180 (1803); Article VI, Constitution of the United States.

**DECLARATORY RELIEF REQUESTED**

Based on the above and on the petition/complaint and other motions filed by Petitioner, he request the Court to declare the following:

1. Barring an Actual Rebellion by the people, whether Cogress/the federal government may disarm American citizens;

2. Barring an Actual Rebellion, whether Congress/the federal government may imprison American citizens for doing nothing more than possess, in their homes, a legal firearm;

3. In the face of the above citied Supreme Court precedent, the Bill of Rights and other authorities, whether Congress/the federal government unlawfully used Article I, § 8, Clause 3 (the commerce clause) to (a) disarm American citizens; and (b) to imprison American citizens for doing nothing more than possess **intrastate**, a legal firearm;

4. Whether an American citizen has a right to possess in her/his home a legal firearm;

5. Whether Congress/the federal government has authority to forbid any American citizen to keep in their home, a legal firearm;

6. Whether Congress/the federal government may enact a "blanket policy" law, forbiding certain American citizens to keep a legal firearm in their home for family, home and self protection.

Respectfully submitted,

*William J.R. Embrey*
William J.R. Embrey
Pro se Petitioner
#87263-132
P.O. Box 1000
Oxford, WI 53952

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing declaratory judgment has been served via U.S. mail upon Stephen W. Riddell, Assistant U.S. Attorney, 555 4th Street, N.W. Room 10-911, Washington, D.C. 20530 , on this 9th day of May, 2006

*William J.R. Embrey*
William J.R. Embrey

18