UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM J.R. EMBREY,                )
                                    )
        Petitioner,                 )
                                    )
v.                                  )   Civil Action No. 05-2022 (RCL)
                                    )
GEORGE BUSH, President of the United)
States, et al.,                     )
                                    )
        Respondents.                )

FILED
AUG 21 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

Petitioner, an inmate at the Federal Correctional Institution in Oxford, Wisconsin, filed this *pro se* action challenging the constitutionality of the conviction he received in the United States District Court for the Western District of Missouri. He seeks a writ of habeas corpus or mandamus relief. Respondents have filed a motion to transfer. Because the present petition is a successive motion under 28 U.S.C. § 2255, the case will be transferred to the United States Court of Appeals for the Eighth Circuit.

### Background

Petitioner was charged in the Western District of Missouri with possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1). Petition, p. 5. Pursuant to an agreement with the government, petitioner pleaded guilty to the offense. *Id.*, p. 6. On April 24, 2000, the district court sentenced petitioner to 262 months imprisonment. *Id.* His conviction was affirmed by the Eighth Circuit Court of Appeals in *United States v. Embrey*, 250 F.3d 1181 (8th Cir. 2001).

On September 21, 2001, in the Western District of Missouri, petitioner filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Govt.'s Mot. to Transfer, Ex. B & Ex. C.

The motion was denied on March 5, 2002. *Id.*, Ex. C. Upon review of the district court's decision, the Eighth Circuit Court of Appeals denied petitioner's § 2255 as untimely and denied petitioner a certificate of appealability. *Id.*, Ex. D. On August 16, 2002, petitioner's appeal was dismissed for lack of jurisdiction. *Id.*

On June 9, 2004, petitioner filed another § 2255 motion in the Western District of Missouri. *Id.*, Ex. E.[1] The district court denied the motion because it was a successive motion and petitioner had not obtained an order from the Eighth Circuit Court of Appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2244(b)(3)(A) & § 2255. *Id.*, Ex. F. On October 18, 2004, the Eighth Circuit Court of Appeals denied the petition for authorization to file a successive motion. *Id.*, Ex. E.

### Discussion

Petitioner seeks a writ compelling respondents to release him from confinement. He alleges that his guilty plea is invalid and that 18 U.S.C. § 922(g) violates the Second Amendment of the Constitution and the Commerce Clause. As jurisdictional authority, petitioner cites 28 U.S.C. § 1361, § 1651, and § 2241.

Habeas corpus jurisdiction under § 2241 resides only in the district court where the prisoner is incarcerated *Rumsfeld v. Padilla*, 542 U.S. 426, 433 (2004). The warden where the petitioner resides is the custodian for purposes of habeas jurisdiction. *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C.Cir.), *cert. denied*, 543 U.S. 975 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C.Cir. 1998). Since the petitioner is incarcerated in the Western

---

[1] Petitioner titled his pleading a "Motion to Vacate a Void Indictment and Judgment." *Id.*, Ex. F. The district court construed the pleading as a § 2255 motion. *Id.*

2

District of Wisconsin, this Court would not have jurisdiction to consider petitioner's claims under § 2241.

Petitioner also seeks mandamus relief compelling respondents to vacate his conviction and release him from custody. A writ of mandamus is an extraordinary remedy to be utilized only under exceptional circumstances. *Chaplaincy of Full Gospel Churches v. Johnson*, 276 F. Supp. 2d 82, 83 (D.D.C. 2003), citing *Haneke v. Sec'y of Health, Educ. & Welfare*, 535 F.2d 1291, 1296 (D.C.Cir. 1976). In order to obtain mandamus relief, the petitioner must show that (1) he has a clear right to relief; (2) the respondent has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff. *Swan v. Clinton*, 100 F.3d 973, 977 n.1 (D.C. Cir. 1996)(citations omitted); *Atl. Tele-Network, Inc. v. Inter-Am. Dev. Bank*, 251 F. Supp. 2d 126, 131 (D.D.C. 2003). The petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C.Cir. 2005); *Chaplaincy of Full Gospel Churches*, 276 F. Supp. 2d at 84.

Petitioner cannot obtain mandamus relief in this case because he has an another adequate remedy available to challenge his conviction. Title 28, United States Code, Section 2255 provides that:

> A prisoner in custody under sentence of a [federal court] claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Although petitioner has styled his complaint as one for mandamus relief or for a writ of habeas corpus under § 2241, the Court is not bound by a *pro se* litigant's characterization of his cause of

3

action. A court must determine the proper characterization of a filing by the nature of the relief sought, *McLean v. United States*, No. 90-318, 2006 WL 543999, at *1 (D.D.C. Mar. 3, 2006), i.e., "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381-82 (2003).[2] Therefore, a motion functionally equivalent to a 28 U.S.C. § 2255 motion should be construed as such, regardless of the caption on the pleading. *United States v. Palmer*, 296 F.3d 1135, 1145 (D.C.Cir. 2002).

As noted above, petitioner claims that his conviction is unconstitutional, and he seeks the vacation of his guilty plea and immediate release from custody. A federal prisoner who makes a collateral challenge to his conviction or sentence must file a motion pursuant to § 2255. *McLean*, 2006 WL 543999, at *2; *Pradeski v. Hawk-Sawyer*, 36 F. Supp. 2d 1, 2 (D.D.C. 1999). Such a motion must be made in the sentencing court. *Moore v. Smith*, No. 06-5078, 2006 WL 2036816, at *1 (D.C.Cir. July 6, 2006); *Simmons v. Beshouri*, No. 06-380, 2006 WL 751335, at *1 (D.D.C. Mar. 23, 2006).[3] Petitioner was sentenced in the United States District Court for the Western

---

[2] The *Castro* decision held that a court cannot recharacterize a *pro se* motion as an initial § 2255 motion without first notifying the litigant of its intent to recharacterize the pleading, warn the litigant of the recharacterization's effect on restrictions for "second or successive" motions, and offers the party an opportunity to withdraw or amend his pleading. *Castro*, 540 U.S. at 383. Once these warnings have been given to the litigant, however, they need not be provided for all subsequent pleadings because the litigant has had notice of the consequences of a pleading being construed as a § 2255 motion. The *Castro* requirements are not necessary in cases, such as the present one, where the court is recharacterizing a pleading as a second or successive § 2255 motion. *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005); *United States v. Atkins*, No. 89-0037, 2006 WL 1071466, at *1 n.3 (D.D.C. Apr. 21, 2006).

[3] The one exception to this rule is if the remedy in the sentencing court is "inadequate or ineffective." 28 U.S.C. § 2255 ¶5. The fact that petitioner's motions were unsuccessful in the Western District of Missouri does not render his § 2255 remedy inadequate or ineffective.

4

District of Missouri.

Respondents have provided exhibits, which petitioner does not challenge, that show that petitioner has filed unsuccessful §2255 motions in the Western District of Missouri. *See* Govt's Mot. to Transfer, Ex. B, C, E. Before a second or successive motion to set aside, vacate, or correct sentence can be considered by a district court, a defendant must first seek an order authorizing the filing of the motion from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A) & § 2255. A district court lacks jurisdiction to consider a second or successive motion in the absence of certification from the circuit court. *Moore v. DOJ*, No. 98-5085, 1998 WL 545421, at * 1 (D.C.Cir. July 17, 1998); *Hudson v. United States*, No. 97-5140, 1998 WL 315593, at *1 (D.C.Cir. May 29, 1998). Therefore, petitioner's present action can only be considered by the Eighth Circuit Court of Appeals.

Having determined that this Court lacks jurisdiction to consider petitioner's claim, the remaining issue is whether to dismiss or transfer the petition. Several courts, in the "interest of justice," have transferred second or successive § 2555 motions to the appropriate court of appeals for certification. *See, e.g., In re Sims*, 111 F.3d 45, 67 (6th Cir. 1997); *Coleman v. United States*, 106 F.3d 339, 340-41 (10th Cir. 1997); *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996). In three unpublished opinions, our Court of Appeals has concluded that in the absence of certification by a court of appeals, transfer of a § 2255 motion to the proper jurisdiction is not in the interest of justice. *See Lee v. Dep't of Justice*, No. 01-5215, 2002 WL 335532, at *1 (D.C.Cir. Jan. 25, 2002); *Aviles v. United States*, No. 00-5069, 2000 WL 628224, at *1 (D.C.Cir.

---

*See Johnson v. Robinson*, 509 F.2d 395, 397 (D.C.Cir. 1974); *Boyer v. Conaboy*, 983 F.Supp. 4, 8 (D.D.C. 1997).

Apr. 25, 2000); *Perales v. Hawk*, No. 99-5098, 1999 WL 728357, at *1 (D.C.Cir. Aug. 4, 1999). Since these cases are unpublished dispositions, they lack precedential value and are not binding on this Court. *See* D.C. Cir. R. 28(c)(1)(A)-(B), 36(c)(2).

The courts in Missouri are already familiar with the procedural and substantive issues in petitioner's case. It would be a waste of judicial resources to dismiss this case and require petitioner to re-file his petition in the proper jurisdiction. Pursuant to 28 U.S.C. § 1631, the Court concludes that the interest of justice favors transferring this case to the Eighth Circuit Court of Appeals.

## Conclusion

Based on the foregoing, respondents' motion to transfer will be granted. A separate order accompanies this Memorandum Opinion.

*[signature]*
ROYCE C. LAMBERTH
United States District Judge

DATE: 8/21/06